Irwin D. Davidson, J.
The defendant, arraigned for hearing to determine whether he should be sentenced as a persistent felony offender, challenges his proposed designation as such on the ground that his prior record does not establish two prior felony convictions within the definition of the persistent felony offender law. (Penal Law, § 70.10.)
Defendant admittedly has been convicted of two prior felonies before his instant conviction of manslaughter in the first degree *1051 on March 2, 1972. He was convicted of manslaughter in the second degree and was sentenced on November 22,1961, to State prison for a term of 7% to 10 years. The propriety of this conviction, or its use as a predicate felony conviction in these proceedings, is not challenged by the defendant.
Previously, defendant had been convicted of burglary in the third degree and was sentenced on November 5, 1959, to Elmira Reformatory. The use of this conviction as a predicate felony conviction by reason of his sentence to Elmira Reformatory is challenged by the defendant. Indisputably, he actually was confined in the institution from November 5, 1959, until May 4, 1961, when he was paroled after having served approximately 18 months, a period substantially in excess of one year.
Section 70.10 of the Penal Law sets forth the criteria to determine the applicability of a previous felony conviction in persistent felony offender proceedings. The tests which must be met are as follows: The defendant must have been (1) convicted of a felony in this State, (2) sentenced to a term of imprisonment in excess of one year, (3) imprisoned under such sentence prior to the commission of the present felony, and (4) was not pardoned on the ground of innocence. The foregoing sentence of the defendant to Elmira Reformatory meets all of the tests set forth in the statute. To support his position, the defendant points to the language contained in the practice commentary under this section (McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, p. 127) which reads: “ Sentences of probation, conditional and unconditional discharge, and reformatory sentences do not count” as previous convictions. The commentator’s authority to support that statement does not appear. It seems to be inconsistent with the provisions of the statute. While it is quite true that a prior felony conviction upon which a defendant was sentenced to probation or conditional or unconditional discharge would not meet all the prerequisites of a prior felony conviction outlined in section 70.10 insofar as this comment refers to a reformatory sentence imposed for a felony upon which the defendant served in excess of one year, it seems to be in direct conflict with the provisions of 70.10.
The statute makes no distinction between the various correctional facilities in which a prisoner may be confined. It merely specifies that the imprisonment be for a term in excess of one year. The single exception would seem to be confinement in an institution for mental defectives or for the mentally ill which by law is not deemed confinement in a correctional facility. (Correction Law, § 70.) However, imprisonment for a felony *1052 in excess of one year, whether in a State reformatory or in a State prison is sufficient to fulfill the requirements of the statute.
Defendant’s contention that his previous conviction on November 5, 1959, pursuant to which he was sentenced to the Elmira Reformatory may not be used as a previous felony conviction under section 70.10 of the Penal Law is overruled.