■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN GARDNER, Also Known as MAVERICK CLARK, Also Known as JUNIOR BROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 13, 1976, convicting him of attempted murder in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. We find that the Trial Judge's refusal to instruct the jury with respect to the evaluation of the identification evidence, as requested by defense counsel, is reversible error. After a review of the trial minutes, it is clear that the instant case concerned itself primarily with the issue of identification. The sole identification witness produced by the People was Officer Moore, the complainant. The defendant, who did not testify on his own behalf, relied upon an alibi defense. At approximately 11:30 P.M. on April 2, 1975, the defendant was allegedly riding as a passenger in a vehicle that had been stopped by the police. Officer Moore testified that he observed the defendant, seated on the passenger side of the vehicle, for approximately 10 to 15 seconds. His observation of that person consisted primarily of the back of his head and a profile view. The individual then alighted from the vehicle, as requested. Thereupon, Officer Moore obtained an additional 30- to 40-second viewing of the culprit before he shoved the officer and took flight. Officer Moore followed in pursuit, along the dark streets, engaging in an exchange of gunfire with that person. The witness' pretrial identification of the defendant was based largely upon voice recognition and the observation of the defendant in a cap similar to that worn by the assailant on the night of the crime. We believe that such facts required judicial guidance with regard to the jury's appraisal of the identification testimony, particularly where requested by defense counsel. The trial court should have instructed the jury to consider and balance, *inter alia,* such factors as the complaining witness' opportunity for observation, the duration and distance of the viewing, the lighting and weather conditions, the witness' ability to describe the assailant's physical features and apparel, and any other relevant factors. While the request of defense counsel for appropriate instructions to the jury on the issue of identification was not as precise as it might have been, we consider it sufficient to have elicited an instruction by the court on the issue of identification (see *People v Jackson,* 14 NY2d 5). The test of the sufficiency of the court's instructions to the jury is whether the jury, after hearing the entire charge, would gather from its language the correct rules which should be applied in arriving at its decision (see *People v Russell,* 266 NY 147, 153). A careful analysis of the charge to the jury in the instant case indicates the noticeable absence of any instructions whatsoever that would have assisted the jury in its evaluation of the identification evidence. If this were a case where the guilt of the defendant was proven overwhelmingly, we might have found that this error did not require reversal of the judgment of conviction. However, in the instant case, there was a very close question on the issue of the identification of the defendant as the perpetrator of the crime. Under all of the circumstances herein, and in the interest of justice, a new trial is required. The record discloses certain injudicious comments made by the Trial Judge which merit comment. While it is true that these remarks were made out of the presence of the jury, they were highly improper and the Trial Judge should have refrained from making them. The absence of the jury does not afford the Judge license to air his

personal feelings on the case or to comment as to the character of the defendant. Damiani, J. P., Mollen and O'Connor, JJ., concur; Shapiro, J., dissents and votes to affirm the judgment.