■ The People of the State of New York, Respondent, v Anibal Rodriquez, Appellant.—Judgment, Supreme Court, New York County, rendered March 8, 1976, convicting defendant of the crime of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of from one year to life imprisonment, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and a new trial directed. Defendant was arrested by a police back-up team on the basis of a description of the seller radioed by two undercover officers who had just completed the "buy". The transaction took about a minute. The currency for the purchase had been photographed before it was used. The radio message described the seller as "male Hispanic with a brown leather jacket, wearing grey pants and a black flowered shirt and wearing a cap". The items of clothing to which reference was made were not particularly distinctive.

Though the back-up team responded at once to the radio call, no person answering the description was observed for about an hour, when defendant came into view. He made no attempt to flee when stopped by the police. After his arrest, defendant was positioned by the police at a street corner in the custody of an officer in uniform and the undercover officers were driven in a taxicab, past the location, in order to verify the identity of the alleged seller; a second trip was required before the undercover officers identified defendant. The undercover officers did not testify to any description of the seller other than as relayed in the radio message. Defendant did not present any evidence or take the stand. The crucial issue concerned the identification of defendant as seller. The District Attorney in summation argued that the officers at the time of sale "knew * * * they would have to make an identification. They would have to give a description. They obviously would be taking notes of these descriptions". Yet, there was no evidence at trial that such notes were made. Further, the prosecutor in alluding to these alleged descriptions made reference to the "height * * * weight * * * physicial characteristics of the Defendant * * * five foot six * * * one hundred and sixty pounds", no evidence of which appeared in any officers' testimony. Defense counsel made no objection to these remarks. In addition, the court's charge failed to address this issue adequately. It was brief and merely touched upon the opportunity of an identifying witness to observe the person charged with a crime during the commission thereof and the circumstances under which the observation was made. But it did not sufficiently relate the meagre evidence as to identification adduced before the jury with the requirements of law regarding identification. In these circumstances, it cannot be said that the prosecutor based his summation on the evidence before the jury (People v Mezzapella, 19 AD2d 729-730) or that the trial court met its responsibility to "explain the application of the law to the facts" (CPL 300.10, subd 2). Concur—Birns, J. P., Evans, Lane and Markewich, JJ.