■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD OSBORNE, Appellant.—Appeal from a judgment of the County Court of Broome County, rendered September 24, 1976, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and possession of a hypodermic instrument. At trial, defendant and his codefendant Dorothy Jean Barrett were both represented by the same attorney, and on appeal it is defendant's contention that his right to effective assistance of counsel was impaired as a result of this joint representation. In our view, the issue raised by this contention is whether *People v Gomberg* (38 NY2d 307) mandates a pretrial hearing in all cases of joint representation to determine the likelihood of a conflict between defenses and the codefendants' awareness of the potential risks. We hold that it does not. While in *Gomberg* the court stated that the Trial Judge should ascertain on the record whether each defendant is aware of the potential risks involved and has made an informed decision (p 313), an off-the-record inquiry by the Trial Judge was found to be adequate and thus a new trial was not ordered. This case is distinguishable because concededly there was no inquiry, either on the record or off the record, but we conclude that where there is no real or apparent conflict of interest, failure to hold a *Gomberg* inquiry is not a ground for reversal. This conclusion flows directly from the rule that although the right to assistance of counsel may be substantially impaired where one lawyer represents the conflicting interests of a number of defendants *(Glasser v United States,* 315 US 60, 70; *People v Gomberg, supra,* p 312), the joint representation of defendants is not per se a denial of the effective assistance of counsel *(People v Gomberg, supra,* p 312; *People v Gonzalez,* 30 NY2d 28, 34, cert den 409 US 859); but rather, a conflict exists only when the individual defenses "run afoul of each other" *(id.).* The sole conflict suggested by defendant is that separate counsel at trial might have cross-examined the landlord of the apartment in which the drugs and drug paraphernalia were found on the issue of whether defendant's presence in the apartment when the search warrant was executed was merely fortuitous. Such speculation falls far short of the "incipient" conflict of interest which would justify a new trial (see *People v Allini,* 60 AD2d 886), particularly in light of the evidence in the record which suggests that such a defense, if asserted, would not have been believable. As noted in *People v Dell* (60 AD2d 18, 21), joint representation of codefendants may be permissible where there was a knowing and intelligent waiver or where no prejudice is shown, and here no prejudice has been shown. Defendant's contention that the trial court erred in its charge to the jury by giving the impression that a single, joint verdict was to be rendered for both defendants must be rejected. While the charge sought to define "aiding and abetting" by means of an analogy to a conspiracy, the jury was instructed to render a verdict separately and specifically with respect to each defendant as required by CPL 300.10 (subd 3). Moreover, the charge, taken as a whole, was adequate (see *People v Gardner,* 59 AD2d 913). Judgment affirmed. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Main, JJ., concur.