■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ROTHAAR, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 25, 1977, convicting him of attempted murder, robbery in the third degree, and burglary in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. At trial, the complaining witness identified the defendant as the man who, on June 21, 1973, had burglarized her home, and robbed and assaulted her. However, defendant's physical appearance at trial differed significantly from the description she had given of the perpetrator shortly after the incident. Moreover, at trial, the defendant presented a plausible alibi defense. In view of the substantial factual issues which were thus presented, we believe that the errors committed by the trial court require that the judgment of conviction be reversed, and a new trial ordered. The trial court erred in permitting the complaining witness to testify, over the defendant's objection, that she had been shown approximately 30 photographs by a police officer and that she had not selected any from the group. Such testimony was hearsay, and improperly bolstered her in-court identification of the defendant by implying that she had not picked out a photograph of someone other than the defendant from the photographs. Furthermore, the testimony suggested to the jurors that she subsequently identified a photograph of the defendant, a fact which could not, of course, have been directly elicited from her (see *People v Sullivan,* 5 AD2d 847; *People v Angora,* 13 AD2d 72; Wall, Eye-Witness Identification in Criminal Cases, pp 167-168). Additionally, the court's charge on the issue of identity was incomplete, since it failed to advise the jury that, in weighing the evidence on that issue, it could consider the accuracy of the complainant's prior descriptions of her assailant *(People v Gardner,* 59 AD2d 913; *People v Jackson,* 39 AD2d 557). Finally, the court's charge as to the alibi defense was improper in two respects. The Trial Judge's instruction that "you must be satisfied as to the truth of the alibi" could be interpreted by the jury as shifting the burden of proof (see *People v Griswold,* 72 AD2d 778). The court's statement that alibi evidence "should be examined most closely" was also misleading, since no similar admonition was contained in the court's charge on the issue of identity *(People v Fludd,* 68 AD2d 409). Titone, J. P., Mangano, Martuscello and Weinstein, JJ., concur.