■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEON CHEST-NUT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered November 1, 1979, convicting him of burglary in the third degree and petit larceny, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered on the present indictment solely with respect to the count of burglary in the third degree, and indictment otherwise dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury (see *People v Beslanovics,* 57 NY2d 726). Defendant was found guilty of charges stemming from the July 20, 1978 burglary of an apartment from which a stereo and a jar of coins was taken. The only eyewitness, Lorraine Smith, testified that while talking on the telephone in her own apartment she observed defendant, whom she had known for 12 years as a friend of her son's father, jump out the window of another apartment and walk away carrying a stereo. Some days later she learned that the other apartment had been burglarized. At trial, the victim estimated the distance from his apartment to Ms. Smith's to be between 120 to 150 feet, while Ms. Smith estimated the distance at between 110 and 120 feet. Ms. Smith testified that the closest defendant came to her as he left the scene of the burglary was 55 to 60 feet. There was no other evidence linking defendant to the crime. Defendant produced two witnesses who testified that on the day of the crime defendant was in South Carolina. Defendant's wife testified that she drove defendant to the airport three weeks before the burglary and that she spoke to him from a pay telephone almost every day until July 22, 1978 when he returned home. Another witness who had known defendant for 20 years and who was defendant's good friend, testified that defendant stayed at his apartment in Columbia, South Carolina from June 30, 1978 until July 22, 1978 and that he saw him every day during this period. Defendant argues that in view of the "unpersuasive" nature of the People's case and the "compelling" alibi defense, the People failed to establish his guilt beyond a reasonable doubt. We disagree. However, we do agree that there are sufficient uncertainties with respect to the identification testimony to warrant reversal based on the incomplete and erroneous instructions given with respect to the identification testimony and the alibi defense. With respect to the alibi defense, the trial court instructed the jury: "I instruct and charge you that an alibi, if you believe it, is a strong defense * * * Therefore, I direct you to examine, scrutinize and weigh carefully the testimony of the alibi witnesses". This instruction was inadequate in many respects. This charge erroneously implied that the jury could conclude that the alibi defense was only effective if they had a subjective belief as to its truth. We have repeatedly held that such a statement may be wrongly interpreted by the jury as shifting the burden of proof with respect to the alibi defense away from the People and to the defendant (*People v Orse,* 91 AD2d 1003; *People v Acevedo,* 83 AD2d 813; *People v Rothaar,* 75 AD2d 652) and clouds the real question that juries must determine regarding the alibi defense, that is, whether it raises a reasonable doubt as to defendant's guilt (*People v Sharp,* 71 AD2d 1034). We have held that a defendant with an alibi defense is entitled to a specific charge that the People have the burden of disproving the alibi beyond a reasonable doubt. Such a charge was not given in this case. Further, while it is not improper per se to charge the jury that they must carefully scrutinize alibi testimony, such an instruction is improper when a like charge is not given with respect to identification testimony (see *People v Schellhammer,* 97 AD2d 776; *People v Orse, supra; People v Daniels,* 88 AD2d 392; *People v Wallace,* 87 AD2d 895). Here no similar charge was given with respect to identification. Moreover, the charge with respect to identification was "thin, sparse and inadequate" (*People v Daniels, supra,* p

402). Finally, no attempt was made by the trial court to explain the "relationship of the applicable principles of law to the factual issues in this case" (*People v Carney*, 73 AD2d 972; *People v Rodriquez*, 61 AD2d 914). Given the several errors in the jury instructions, it cannot be said that the jury, after hearing the entire charge, would gather from its language the correct rules to apply in arriving at its decision (*People v Vera*, 94 AD2d 728; *People v Gardner*, 59 AD2d 913). Because there was only one eyewitness, who viewed the perpetrator's exit from the burglarized apartment at a substantial distance, and no other evidence linking defendant to the crime, it cannot be said that these errors were harmless. In view of the foregoing, the interest of justice mandates reversal. We have examined defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Bracken, Niehoff and Rubin, JJ., concur.