OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*631 Defendant argues that his 1973 reformatory sentence could not serve as a predicate for a persistent felony offender sentence because Penal Law § 70.10 (1) (b) (i) defines a previous felony conviction as one for which "a sentence to a term of imprisonment in excess of one year * * * was imposed”, and Penal Law former § 75.00 (2) (which was not repealed until 1974) defined a reformatory sentence as "a sentence to imprisonment for a period of unspecified duration”. He points to the Staff Notes of the Temporary State Commission on Revision of the Penal Law and the Criminal Code, which states (p 285) with respect to the definition of persistent felony offender that, "The indefinite commitment for "mental defectives’ will no longer count [citation omitted], and the indefinite reformatory period — with no minimum or maximum term — will no longer be counted,” and the Practice Commentaries (McKinney’s Cons Laws of NY, Book 39, Penal Law § 70.10, p 222 [1975]), presumably based on the Commission Staff Notes, indicating that under the former Penal Law reformatory sentences counted where imposed for a felony but under the 1965 Revised Penal Law "reformatory sentences do not count.”
In People v Wright (35 NY2d 944, cert denied 423 US 856) we affirmed on the opinion by Justice Irwin D. Davidson at Trial Term. That opinion (69 Misc 2d 1050, 1051) stated with respect to the Practice Commentary (the Commission Staff Notes apparently were not cited to him) that: "The commentator’s authority to support that statement does not appear. It seems to be inconsistent with the provisions of the statute. While it is quite true that a prior felony conviction upon which a defendant was sentenced to probation or conditional or unconditional discharge would not meet all the prerequisites of a prior felony conviction outlined in section 70.10 insofar as this comment refers to a reformatory sentence imposed for a felony upon which the defendant served in excess of one year, it seems to be in direct conflict with the provisions of 70.10.” Defendant seeks to distinguish Wright on the basis that it involved a 1959 prior felony conviction, as to which, under Penal Law former § 2184-a as amended by Laws of 1956 (ch 839), a felon sentenced to the reformatory could be incarcerated for a period not to exceed five years, that Wright would have been on notice at the time of his later crime that his 1959 conviction could be employed as a predicate, and that, therefore, it was proper for the sentencing court in 1972 to use his 1959 reformatory sentence as a prior.
Accepting, arguendo, that Wright would have been on notice, we nevertheless find the distinction to be one without a differ *632 ence. Former section 2184-a provided that, "The term of imprisonment of any person sentenced hereunder shall be known as a reformatory term, and shall be terminated by the board of parole in the executive department, but in the case of any person convicted of a felony or adjudicated a youthful offender for acts certified to be acts constituting a felony, such term shall not exceed five years”. The statute in force at the time of defendant’s 1973 sentence provided, as defendant notes, that a reformatory sentence "shall be a sentence to imprisonment for a period of unspecified duration”, but then continued: "which shall commence and terminate as provided in section 75.10 and the court shall not fix the minimum or maximum length of the period.” (Penal Law former § 75.00 [2].) Section 75.10 (1) entitled "Commencement and termination” read: "A reformatory period commences when the young adult is received in an institution under the jurisdiction of the state department of correction and terminates upon the first to occur of (a) discharge of the person by the state board of parole, or (b) service by the person of four years from the date the period commenced less any amount of time credited against the sentence pursuant to the provisions of subdivisions three, four and five of this section.” Thus, under the post-1965 statute as well as under the pre-1965 statute, one sentenced to a reformatory term served a fixed number of years "in excess of one year” unless sooner discharged by the Parole Board. That the term was fixed by the Legislature rather than the court has no bearing on whether it exceeds one year, nor does the use in former section 75.00 of the phrase "unspecified duration” alter the situation in light of the words, quoted above, immediately following that phrase.
It is the language of the statute itself, rather than statements in the Reviser’s Notes or in a Practice Commentary, which governs its construction (Matter of Lorie C., 49 NY2d 161, 169; see, Anderson v Regan, 53 NY2d 356; McKinney’s Cons Laws of NY, Book 1, Statutes § 125 [b]). We agree with Justice Davidson’s construction of Penal Law § 70.10 as to a pre-1965 reformatory sentence and find it equally applicable to a post-1965 reformatory sentence.
We have reviewed the Trial Judge’s identification charge and find it sufficiently detailed to meet the requirements of People v Whalen (59 NY2d 273).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
Order affirmed in a memorandum.