■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEMENTE RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered August 2, 1985, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court failed to give a proper charge on the issue of identification is not preserved for appellate review since no exception was taken to the charge on that ground *(People v Monroig,* 111 AD2d 935, *lv denied* 66 NY2d 921). The circumstances present in this case do not warrant a reversal in the interest of justice. The court's charge included instructions on evaluating the credibility of witnesses and advised the jury that the People had the burden of proving beyond a reasonable doubt that the defendant was the person who committed the crime. The charge, though minimal, was technically correct *(see, People v Whalen,* 59 NY2d 273). Even if the charge were insufficient, a new trial would not be warranted because the evidence offered at trial did not present a close identification question nor did the defendant raise an alibi defense *(cf., People v Ramirez,* 128 AD2d 734; *People v Jones,* 108 AD2d 824). Here, the defendant, in statements to the police, did not contradict the testimony of three eyewitnesses that he was involved in the shooting but instead claimed that it was accidental.

The defendant's contentions with regard to the prosecutor's summation are not preserved for our review. Defense counsel failed to object to one of the alleged improper comments *(see, People v Nuccie,* 57 NY2d 818). The trial court sustained the defense counsel's objection to the prosecutor's other comments and no curative instructions were requested *(see, People v Medina,* 53 NY2d 951). The defendant's remaining contention that his sentence is excessive is without merit. Thompson, J. P., Lawrence, Weinstein and Rubin, JJ., concur.