■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HEWLETT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered June 20, 1979, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we find that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The defendant was identified by an undercover police officer who purchased drugs

from him and by four other officers at the scene. The defendant's alibi, that he was sick at home at the relevant time, presented a credibility issue for the jury to resolve (see, People v Rosenfeld, 93 AD2d 872, lv denied 59 NY2d 977).

The defendant contends that the court's instructions to the jury on the alibi defense and on identification testimony deprived him of a fair trial. This issue is not preserved for appellate review since no objection was made to the charge on these grounds (see, People v Nuccie, 57 NY2d 818). Although we agree that the charge should have expressly stated that the burden of disproving the alibi defense and of proving identification was on the People (see, People v Victor, 62 NY2d 374; People v Whalen, 59 NY2d 273), a reversal in the interest of justice is not warranted here in view of the overwhelming proof of guilt (see, People v Crimmins, 36 NY2d 230). Similarly, the contention that the prosecutor's summation deprived the defendant of a fair trial is not preserved for appellate review. In any event, while the prosecutor should not have alluded to the absence of other potential alibi witnesses (see, People v Titus, 88 AD2d 606), we view the error as harmless under the circumstances of this case.

We find no error in the admission of rebuttal testimony regarding the weather on the night of the drug sale. The testimony was not collateral because it was relevant to the issue of the ability of the police officers to observe the defendant from their surveillance posts on the street (see, People v Schwartzman, 24 NY2d 241, cert denied 396 US 846). The testimony was proper rebuttal because the defendant, through his witnesses, had attempted to prove that it was misty on the night in question (see, People v Harris, 57 NY2d 335, cert denied 460 US 1047).

The defendant contends that the representation of his codefendant by the same attorney at the trial deprived him of a fair trial. We find that the court fulfilled its obligation by inquiring on the record prior to the trial whether the defendants were aware of any potential conflict, and the court was not required to probe any further into possible conflicting defenses (see, People v Gomberg, 38 NY2d 307). Further, the defendant has not demonstrated that a conflict arose during the trial (see, People v Macerola, 47 NY2d 257).

The defendant's remaining contentions are either unpreserved for review or are without merit. Weinstein, J. P., Spatt and Sullivan, JJ., concur.

Harwood, J., dissents and votes to reverse the judgment, on

the law, and order a new trial, with the following memorandum: I dissent. I agree that the identification evidence was sufficient to establish beyond a reasonable doubt that the defendant Anthony Hewlett participated in the illegal drug sale which occurred over one month before his arrest. And I acknowledge that the defendant's trial counsel, whose advocacy was far from exemplary, failed to properly preserve important issues for appellate review. I am of the opinion, however, that the erroneous jury instructions on the crucial issues of identification and alibi, and the prosecutor's improper remarks during summation, deprived the defendant of his fundamental right to a fair trial (see, People v Crimmins, 36 NY2d 230, 238), particularly when those errors are coupled with the prosecutor's improper cross-examination of the defendant in a case which squarely presents credibility as an issue for the jury to resolve.

During the course of what served as a Sandoval hearing (see, People v Sandoval, 34 NY2d 371), the defendant's trial counsel noted that "Vernon Hewlett is not Anthony Hewlett". Defense counsel also requested that the trial court preclude the prosecution from exploring the background details and circumstances of a 1961 conviction premised on forgery and petit larceny. The trial court granted defense counsel's application and ruled that "[t]here will be no discussion of the defendant's record except with respect to the conviction of 1961" and that the prosecutor could elicit "[o]nly the conviction". The prosecutor nonetheless cross-examined the defendant as to whether he was the "Vernon Hewlett" who went "AWOL" in 1953 (but see, People v Flynn, 275 App Div 350; cf., People v Perez, 36 NY2d 848), inquired as to the number of "counts" involved in the 1961 matter, and elicited that the defendant was convicted in 1961 after a trial at which he testified on his own behalf.

In my view, the prosecutor went far beyond not only the limits of the trial court's Sandoval ruling (cf., People v Dowdell, 88 AD2d 239, 243-244), but beyond the scope of fair cross-examination as well. That impropriety was emphasized when, during summation and in the context of urging the jury to listen to the court's instruction as to "how [to] view the credibility of someone who has been convicted of a crime, how you can view the credibility of a defendant who testifies in his own behalf", the prosecutor reminded the jury that the defendant "testified at his prior trial too". And, as noted by my colleagues, the prosecution improperly commented upon the absence of alibi witnesses (see, People v Titus, 88 AD2d 606). I

cannot view these errors as harmless in light of the impermissibly misleading instructions to the jury.

Immediately prior to informing the jury that it could consider the defendant's prior conviction on the question of credibility, the trial court instructed that an alibi, "if you believe it", is a strong defense, and directed the jury to "examine, scrutinize and weigh carefully the testimony of [the] defendant and the alibi witness". The trial court then informed the jurors that the "ultimate * * * truthfulness of a witness'[s] testimony is for you to decide", and instructed them that "[i]f the proof as to alibi, when taken into consideration with all the other evidence raises a reasonable doubt in your minds as to the guilt of the defendant, the defendant is entitled to an acquittal". These instructions erroneously singled out the issue of alibi for scrutiny (see, People v Daniels, 88 AD2d 392; People v Lediard, 80 AD2d 237, 241). They also unconstitutionally shifted the burden of proof (see, People v Victor, 62 NY2d 374; People v Lediard, supra), a serious error only compounded by the court's ensuing instruction on the counterpoint issue of identification.

As noted by the majority, the jury was not expressly informed that identification must be proven beyond a reasonable doubt (see, People v Whalen, 59 NY2d 273). In addition, while the trial court elsewhere instructed the jury that a police officer's testimony is not automatically more or less credible than that of any other witness, with respect to identification the trial court charged the jury that the issue is "important and the problem must be resolved by you with courage, good conscience and honesty". It was not directed to examine, scrutinize and weigh carefully the testimony of the identifying police officers so that a proper balance to the alibi charge would be preserved (see, People v Fludd, 68 AD2d 409, 411; People v Daniels, supra; People v Annis, 48 AD2d 622, 623).

The "harmless error analysis is not unlimited" (People v Dowdell, 88 AD2d 239, 248, supra), and "[f]urther inquiry must accordingly be made * * * as to whether, notwithstanding the overwhelming proof of the defendant's guilt, the error infected or tainted the verdict" (People v Crimmins, 36 NY2d 230, 242, supra). In my opinion, the errors I have noted so tainted the verdict as to require reversal and a new trial.