■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD COBB, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered March 18, 1985, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the jury verdict was repugnant, because he was convicted of robbery in the first degree but acquitted of criminal possession of a weapon in the second degree. In examining this question under the guidelines set forth in *People v Tucker* (55 NY2d 1, 4, *rearg denied* 55 NY2d 1039), we must determine if the verdict is "inherently inconsistent when viewed in light of the elements of each crime as charged to the jury". Rather than reviewing the entire record in an effort to second-guess the jury, the review is limited to examination of the jury charge.

The charge in the case at bar accurately laid out the elements of the two crimes in question. One of the elements in the charge on robbery in the first degree was that the defendant displayed what appeared to be a pistol as testified to by the People's witness. Among the elements of criminal possession of a weapon in the second degree were that the defendant possessed a certain object and this object was in fact a loaded firearm.

It is apparent from the jury charge and the subsequent verdict that the jury believed that the People had not proven that the defendant carried a loaded firearm, but that he carried something which appeared to be a pistol. The jury's verdict is therefore not repugnant.

The defendant's remaining claim of error deals with the adequacy of the court's identification charge. The claim is, however, unpreserved. In any event, the claim is without merit since the charge complied, in all respects, with the dictates of *People v Daniels* (88 AD2d 392, 401, 402). Brown, J. P., Rubin, Eiber and Sullivan, JJ., concur.