■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX ALBURY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered December 8, 1986, convicting him of murder in the second degree (two counts), robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement he made to the police.

Ordered that the judgment is affirmed.

The defendant contends that the inculpatory statement he made to the police was involuntary and therefore should have been suppressed by the hearing court. We disagree. The record fails entirely to support the defendant's contention that the detectives who arrested him proceeded to question him for 45

minutes before reading him his rights. Furthermore, the tactics employed by one of the detectives, which consisted primarily of leading the defendant to believe that the detective knew more about the crime than he actually did, were not so fundamentally unfair as to deny the defendant due process of law (see, People v Tarsia, 50 NY2d 1). Nor was the statement elicited by any threats or the promise of immunity (see, People v Boone, 22 NY2d 476).

The defendant's contention that the trial court should have given an accomplice charge sua sponte is likewise without merit. In order for a witness to be deemed an accomplice as a matter of law, it must be established that based on the evidence presented, the jury could reach no other conclusion than that the witness participated in (1) an offense charged or (2) an offense based on the same or some of the facts which constitute an offense charged (see, People v Tusa, 137 AD2d 151). The evidence adduced at trial was in this respect lacking.

Nor did the trial court err in allowing one of the People's witnesses to testify that several hours prior to the murder, the defendant, while attending a party, had pointed a gun at another partygoer. This testimony was probative of the defendant's guilt of criminal possession of a weapon, a crime with which he was charged (cf., People v Baez, 103 AD2d 746; People v Philpot, 50 AD2d 822), and therefore was properly admitted.

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Thompson, Eiber and Balletta, JJ., concur.