■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS NEWBALL, Appellant.—

The defendant moved prior to trial to suppress identification testimony given by a "backup" police officer in the so-called "buy and bust" operation which resulted in the instant prosecution. The defendant asserted that this police officer's testimony should be precluded because of the People's alleged noncompliance with CPL 710.30. We find that the trial court properly permitted the testimony. Under the circumstances of this case, this police officer's identification testimony did not fall within the intendment of the statute (see, People v Gissendanner, 48 NY2d 543; see also, People v Wharton, 74 NY2d 921).

The defendant's challenge to that portion of the jury charge regarding the issue of identification, on the ground that the court erroneously failed to mention the one-month interval between the incident and the arrest, is unavailing. A review of the court's entire charge shows that the court extensively instructed the jurors regarding the People's burden of proving the defendant's identification beyond a reasonable doubt, while also enumerating several factors, including the eyewitness's credibility, which were to be considered by them during their deliberations (see, People v Whalen, 59 NY2d 273, 279; People v Mitchell, 143 AD2d 421, 422; People v Zocchi, 133 AD2d 478; People v Daniels, 88 AD2d 392).

We find that the defendant's sentence was not unduly harsh or excessive (People v Suitte, 90 AD2d 80). Mollen, P. J., Eiber, Sullivan and Rosenblatt, JJ., concur.