■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LATEEF SALAAM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered January 5, 1989, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court failed to properly charge the jury on the issue of identification is unpreserved for appellate review, since no exception was taken on that ground *(see, People v Rodriguez,* 130 AD2d 522, 523). In any event, the circumstances present in this case do not warrant reversal in the exercise of our interest of justice jurisdiction. In this regard, we note that during a precharge conference, defense counsel expressly advised the court that

he was not requesting a more expansive *"Daniels"* identification charge *(see, People v Daniels,* 88 AD2d 392, 401-402). Moreover, the charge as given properly instructed the jurors on evaluating the credibility of witnesses, and advised them that the People had the burden of proving beyond a reasonable doubt that the defendant was the person who committed the crime *(see, People v Irizarry,* 143 AD2d 770; *People v Rodriguez, supra).* Accordingly, the charge, while minimal, was technically correct *(see, People v Whalen,* 59 NY2d 273). We further note that the evidence adduced at trial did not present a close identification question, and that the focus of the defense was upon the credibility of the police sergeant who identified the defendant as the man who confronted him armed with an operable handgun.

The defendant additionally contends that he was deprived of a fair trial by the court's instructions regarding his failure to testify. However, since the defendant failed to request the court to limit its instructions to the statutory language *(see,* CPL 300.10 [2]), and took no exception to the charge as given, his claim is unpreserved for appellate review *(see, People v Autry,* 75 NY2d 836, 839; *People v Wilson,* 162 AD2d 747). In any event, any error in this regard was harmless in view of the overwhelming evidence of the defendant's guilt *(see, People v Bennett,* 162 AD2d 694; *People v Baker,* 153 AD2d 865).

We find that the sentence imposed was neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or are without merit. Sullivan, J. P., Eiber, Miller and Ritter, JJ., concur.