■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL VASQUEZ, Appellant.—Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered January 26, 1990, convicting defendant after a jury trial of criminal sale of a controlled substance in the third degree, and sentencing him to an indeterminate prison term of from 6 to 12 years, unanimously affirmed.

Defendant, acting in concert with two other individuals, sold two glassine envelopes of heroin to an undercover detective on a street corner on the lower eastside of Manhattan at approximately 6:15 in the morning. Within minutes, the detective's back-up team arrested defendant and his two accomplices directly across the street from where the sale had taken place, and also detained a fourth man who had been nearby during the transaction, counting a wad of money. The detective drove by and confirmed the identity of the three men in custody as the three who had sold him the heroin.

Defendant argues that the trial court diminished the People's burden of proof with respect to identification by using the term "sufficient certainty" at one point during the charge. Although defendant did submit a request to charge on the issue of identification (which the court declined to give, saying it was virtually identical to the one it had used), defendant never objected to the charge as given, or to the specific language of which he now complains; he merely renewed his request for his submitted charge. Thus, he has failed to preserve this issue for review, as a matter of law (CPL 470.05 [2]; *People v Gonzalez*, 157 AD2d 591, *lv denied* 76 NY2d 735).

Were we to consider this issue, we would find that the charge as a whole was proper. Defendant has taken one isolated phrase out of context from an otherwise correct charge. The trial court repeated the applicable standard, that of proof beyond a reasonable doubt, no less than five times while discussing identification, and, of course, referred to it repeatedly throughout the entire charge. Any error, therefore, in the language now disputed was clearly harmless *(People v Williams,* 165 AD2d 747, *lv denied* 76 NY2d 992).

Defendant's remaining contention, that the prosecutor mis-

led the jury by mischaracterizing the defense as one of "frame", rather than mistake, is unpreserved, as no objection was made at trial. In any case, the brief remark actually made did not mischaracterize the defense, but rather was an appropriate response to the thrust of defendant's summation concerning alleged inconsistencies in the testimony, and would not have rendered the jury incapable of fairly considering the defense arguments. Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.