■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MARTINEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered July 10, 1990, convicting him of grand larceny in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, the existence of testimony favorable to the defendant does not require a contrary result since the jury is free to accept or reject part or all the evidence of a party (see, People v Kennedy, 47 NY2d 196; People v Henderson, 41 NY2d 233; People v Schaffer, 80 AD2d 865). It is well settled that the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury which saw

and heard the witnesses *(see, People v Mitchell,* 167 AD2d 356; *People v Bossett,* 157 AD2d 734). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]; *People v Althorne,* 155 AD2d 604).

There is no merit to the defendant's contention that the court's charge on identification was inadequate because it failed to provide the jury with detailed instructions to assist them in evaluating the accuracy of the sole complaining witness's identification of the defendant as one of the perpetrators of the crime *(see, People v Daniels,* 88 AD2d 392). Although desirable, a detailed charge on the issue of identification is not required as a matter of law *(see, People v Whalen,* 59 NY2d 273, 279; *People v Beasley,* 114 AD2d 415, 416; *People v Smith,* 100 AD2d 857, 858). "A Judge who gives a general instruction on weighing witnesses' credibility and who states that identification must be proven beyond a reasonable doubt has made an accurate statement of the law" *(People v Whalen, supra,* at 279).

Here, although the court's charge on identification may not have been as extensive as the one suggested by the *Daniels* case *(People v Daniels, supra,* at 402), it was more than "bare bones" and adequately focused the jury's attention to the necessity of carefully evaluating the identification testimony. Nor does the inadvertent and isolated statement by the court that "the identity of the defendant as the person who committed the crimes charged must be shown to you in a way as to preclude the reasonable possibility of mistake" require reversal since the court clearly and unequivocally told the jury that it must be "satisfied beyond a reasonable doubt of the identity of the accused as the one who committed the crimes" *(see, People v Vasquez,* 176 AD2d 444; *People v Velez,* 169 AD2d 661; *cf., People v Bonaparte,* 98 AD2d 778).

We have reviewed the defendant's other contentions and find that they do not require reversal. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.