■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SMITH, Appellant. [610 NYS2d 81] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered August 7, 1991, convicting him of burglary in the first degree, robbery in the first degree, criminal possession of a weapon in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

The defendant and his codefendant were apprehended about a block away from the crime scene, within 5 to 10 minutes from the time one of the two arresting officers heard the sound of broken glass and observed them escaping from the window of the complainant's house. Under these circumstances, the use of a showup identification was proper *(see, People v Duuvon,* 77 NY2d 541, 544-545; *People v Love,* 57 NY2d 1023, 1024-1025; *People v Sansalone,* 197 AD2d 549). Moreover, the fact that the defendant was identified while he sat handcuffed in a marked police car did not render the procedure impermissibly suggestive *(see, People v Carbonaro,* 162 AD2d 459; *People v Burns,* 133 AD2d 642).

We further find that the trial court's identification charge was adequate. The court properly instructed the jury on weighing the witnesses' credibility, and stated that identification must be proven beyond a reasonable doubt *(see, People v Whalen,* 59 NY2d 273, 279; *People v Thompson,* 202 AD2d 454; *People v Rodriguez,* 130 AD2d 522).

We have reviewed the defendant's remaining contentions and find that they are without merit. Thompson, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.