OPINION OF THE COURT
Phyllis Orlikoff Plug, J.
The defendant was indicted for criminal sale of a controlled substance in the third degree.
She was arraigned on the charges in Part AA-1 on October 28, 1994. At the arraignment, the People served a CPL 710.30 (1) (b) notice which contained notification of an identification in the following manner: "Confirmatory I.D. by U/C #7430 on 9/23/94.”
*343 The defendant has moved for an order precluding identification testimony by the undercover police officer on the ground that the CPL 710.30 notice served was deficient under the holding of People v Lopez (84 NY2d 425). In that case the Court of Appeals held that "the People were also required to inform defendant of the time, place and manner in which the identification was made.” The notice herein does not state the place and manner in which the identification was made other than to state that it was confirmatory (in nature).
The court would be constrained to preclude the identification testimony if the witness were a private citizen. However, since the defendant does not dispute that the identification was made by a trained undercover officer who observed the defendant during a face-to-face drug transaction, knowing that the defendant would shortly be arrested, the defendant is not entitled to a CPL 710.30 notice (People v Newball, 158 AD2d 553 [2d Dept 1990]). The service of the ineffective notice by the People was gratuitous but not fatal.
Finally, where, as here, the viewing consists of a confirmatory identification by an undercover officer, and when the nature and circumstances of the encounter and identification do not warrant it, the defendant is not entitled to a Wade hearing (People v Wharton, 74 NY2d 921, 923 [1989]).
In view of the foregoing, the motion to preclude is denied.