87 N.Y.2d 873 (1995)
662 N.E.2d 256
638 N.Y.S.2d 938
The People of the State of New York, Respondent,
v.
Ricky Knight, Appellant.
Court of Appeals of the State of New York.
Argued November 27, 1995.
Decided December 27, 1995.
Elizabeth Sack Felber, New York City, and Daniel L. Greenberg for appellant.
Robert T. Johnson, District Attorney of Bronx County, Bronx (Lisa I. Cuevas, Joseph N. Ferdenzi and Allen H. Saperstein of counsel), for respondent.
Judges SIMONS, BELLACOSA, SMITH, LEVINE and CIPARICK concur; Judge TITONE dissents and votes to reverse in an opinion in which Chief Judge KAYE concurs.
MEMORANDUM.
The order of the Appellate Division should be affirmed.
*874 Defendant has been convicted of criminal sale of a controlled substance in the third degree as a result of selling crack cocaine to an undercover police officer. The prosecution's case consisted of testimony of the undercover and arresting officers. The undercover testified that after he purchased the drugs from defendant he radioed the location and descriptions of defendant and his accomplices to the backup team and within minutes was notified that arrests had been made. The undercover then drove by the arrest scene and confirmed that the individuals arrested were in fact the individuals from whom he purchased narcotics.
The arresting officer testified that within minutes after receiving descriptions of defendant and two accomplices they located the individuals matching the descriptions at the location indicated by the undercover and placed them under arrest. At the time of the arrest, defendant had the prerecorded buy money used by the undercover officer in his possession.
The defense was mistaken identity and defendant attempted to establish it by cross-examination of the two police officers. He did not call any witnesses.
At the conclusion of the trial the Trial Judge charged the jury that to convict the defendant, the People had to prove "each and every" element of the crimes charged beyond a reasonable doubt, and that if the jury was satisfied the People had done so, it could find defendant guilty. It also instructed the jury fully on its duty to determine the credibility of the witnesses. Defense counsel objected to the charge, contending that the court had erred in failing to give an expanded charge specifically instructing the jury that the identification of the defendant had to be proven beyond a reasonable doubt.
In People v Whalen (59 N.Y.2d 273, 279), we considered a similar claim and stated that although an expanded identification charge was the "better practice", particularly when, as there, an alibi defense was presented, the failure to so charge did not constitute reversible error. Whether the charge is appropriate in an individual case is, we said, a matter for the Trial Judge's discretion.
Contrary to the assertion of defendant here, the jury was not led to believe that mistaken identification was not an issue in this case. The court's charge was a correct statement of the law which sufficiently apprised the jury that the reasonable doubt standard applied to identification (see, People v Perez, 77 N.Y.2d 928; People v Newton, 46 N.Y.2d 877, 879). Moreover, *875 when evaluated against the background of all the evidence presented, there is little possibility that the failure to expand the charge on identification infected the trial with error (see, People v Andujas, 79 N.Y.2d 113, 118).
TITONE, J. (dissenting).
The identity of the person who committed the crime is often the most critical issue that arises during the course of a criminal trial. Yet, despite its importance, the majority holds in a brief memorandum that there is no need to highlight the burden of proof applicable to the identity issue through a specialized instruction. Because I conclude that the charge is a necessary component of any trial in which identification is in issue, I respectfully dissent.
The preserved issue before the Court in this appeal is whether in a case involving identification reversal is required because of the trial court's refusal to tell the jury that the identity of the perpetrator is an issue that must be proven beyond a reasonable doubt. The issue has a substantial judicial history, but the majority has chosen to foreshorten its discussion of that history and, in the process, has distorted the import of the existing case law. Accordingly, a brief review of the issue's background is required.
The first major decision by this Court on the identification-instruction issue was People v Newton (46 N.Y.2d 877). In that case, the trial court had instructed that each of the crime elements must be proven beyond a reasonable doubt and that the jury was also required to pass on the issue of identification (id.). Additionally, the court advised the jurors that "`before you can convict a defendant you must be convinced of his guilt beyond a reasonable doubt'" (id., at 879). Concluding that the Trial Judge's instruction "adequately apprised the jury that the reasonable doubt standard attached to the element of identification," this Court held that the refusal to charge that principle in haec verba was not reversible error (id.).
Newton, however, was hardly considered the last or even the most definitive word on the question of identification charges. Both before and after this Court considered the question in Newton, the First and Second Departments ruled that a detailed charge should be given directing the jury to consider a variety of specific factors in determining the reliability of the identification testimony (e.g., People v Rothaar, 75 AD2d 652 [2d Dept]; People v Rodriquez, 61 AD2d 914 [1st Dept]; People v Gardner, 59 AD2d 913 [2d Dept]). Even the Third Department, which did not require such an expanded charge as a matter of *876 law, held that "a more thorough instruction on identification [should] be given in the interest of justice" (People v Landor, 92 AD2d 625, 626; accord, People v Whalen, 88 AD2d 1005, revd on other grounds 59 N.Y.2d 273).
The Second Department's decision in People v Daniels (88 AD2d 392) ultimately became the leading case on the subject. The Daniels panel quoted and gave its approval to the detailed charge recommended in the Pattern Jury Instructions for cases resting solely on identification testimony. The quoted instruction directs the jury to consider the subjective and objective conditions affecting the eyewitness's ability accurately to observe and remember (1 CJI[NY] 10.01, Part A).
Daniels was followed in a substantial line of Appellate Division decisions (e.g., People v Jakes, 181 AD2d 913, 914; People v Green, 140 AD2d 456; People v Cobb, 137 AD2d 700; People v Lyons, 106 AD2d 471, 473; People v Baez, 103 AD2d 746, 748; People v Bonaparte, 98 AD2d 778; People v Knowell, 94 AD2d 255, 258-259; People v Landor, 92 AD2d 625, 626, supra [3d Dept]; People v McCann, 90 AD2d 554, 556-557; see also, People v Chestnut, 99 AD2d 515). Nonetheless, this Court held in People v Whalen (59 N.Y.2d 273, 279, supra) that the "expanded charge" on identification is not required, although it is the "better practice" to give it when requested by the defense. In upholding the conviction in Whalen, however, the Court was careful to note that "[a] Judge who gives a general instruction on weighing witnesses' credibility and who states that identification must be proven beyond a reasonable doubt has made an accurate statement of law" (id., at 279 [emphasis supplied]). Further, the Court stressed its own concern about the risk of inaccuracy inherent in eyewitness identification testimony (id., at 279). Thus, contrary to the majority's assertion, Whalen held only that an expanded charge such as the one recommended in Daniels was a discretionary matter rather than a legal requirement. The Whalen Court certainly did not suggest that a trial court could also exercise its discretion to dispense with a simpler charge directing the jury's attention to the People's burden of proving identity beyond a reasonable doubt.
Indeed, most of the post-Whalen Appellate Division decisions assume that that case established such a charge as a minimum legal requirement (see, e.g., People v Washington, 209 AD2d 733, 734 [2d Dept]; People v Felix, 207 AD2d 729 [1st Dept]; People v Rivera, 207 AD2d 420, 421 [2d Dept]; People v Smith, 203 AD2d 396 [2d Dept]; People v Teen, 200 AD2d 785, 786 [3d Dept]; People v Martinez, 186 AD2d 824, 825 [2d Dept]; People v Salaam, 172 AD2d 860 [2d Dept]; *877 People v Moss, 172 AD2d 856, 858 [2d Dept]; People v Vargas, 166 AD2d 360, 361 [1st Dept]; People v Newball, 158 AD2d 553, 554 [2d Dept]; People v Hewlett, 133 AD2d 418, 419 [2d Dept]; People v Rivera, 108 AD2d 829, 830 [2d Dept]; People v Hollis, 106 AD2d 462, 464 [2d Dept]; see also, People v Vasquez, 176 AD2d 444 [1st Dept]). Even this Court noted in People v Williams (66 N.Y.2d 629, 632) that the trial court's identification charge had been "sufficiently detailed to meet the requirements of People v Whalen" (emphasis supplied; cf., People v Perez, 77 N.Y.2d 928, 929 [holding that the expanded identification charge was not required and noting that the separate question of whether "the trial court should have instructed the jury that defendant's identity had to be proven beyond a reasonable doubt" was unpreserved]). Moreover, in People v Warren (76 N.Y.2d 773, 775), the Court upheld a conviction despite the Trial Judge's refusal to give the alibi burden of proof charge that was required in People v Victor (62 N.Y.2d 374), in part because the Judge had given the identity-must-be-proven-beyond-a-reasonable-doubt charge referred to in Whalen and that charge was sufficient to convey the necessary information regarding the People's burden of proof. Thus, it can hardly be said that Whalen and our subsequent case law provides support for the majority's present holding that the charge in issue is not legally required in a case where identity is a contested issue.
Inasmuch as there is no precedent that constrains us to conclude otherwise, I would hold that, contrary to the majority's conclusion, a trial court's refusal to give a requested instruction that identity must be established beyond a reasonable doubt constitutes reversible error in a case where the identification issue has been raised. There is certainly no sound jurisprudential reason to deny a request for such a charge, since it represents an accurate statement of law (see, People v Whalen, supra), is not at all burdensome and does not pose a risk of confusion. Moreover, there are some very persuasive reasons for insisting upon the administration of this charge or its equivalent.
Although the standard charge to the jury describes the People's burden of proof and associates that burden with the statutory elements of the charged crime, there is nothing in particular that would alert the jury to the fact that identity is also an element that must be proven to the same level of *878 certainty.[*] Further, the need for some instruction that focuses the jury's attention on the level of scrutiny that must be applied to the People's identification evidence is manifest because, as has often been discussed, "evidence as to identity based on personal impressions, however bona fide, is perhaps of all classes of evidence the least to be relied upon" (Borchard, Convicting the Innocent, at 271-272, n 6 [1932]; see also, O'Connor, "That's the Man": A Sobering Study of Eyewitness Identification and the Polygraph, 49 St John's L Rev 1). Finally, an instruction that identity is an element that must be proven beyond a reasonable doubt is often useful to ensure that an otherwise barebones charge conveys "as a whole" the essential legal principles (see, e.g., People v Warren, supra; People v Whalen, supra). Accordingly, the better rule would be to simply require that such a charge be given in any case where identification is in issue. Since no such charge was given here, I vote to reverse.
Order affirmed in a memorandum.
NOTES
[*] Significantly, the majority's writing has not identified any portion of the charge that was given in this case that would provide guidance on that point.