■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE JAMES BURKS, Appellant.—Appeal by the defendant from a judgment of the County Court, Orange County (Carey, J.), rendered July 18, 1988, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the identification testimony of two eyewitnesses should have been suppressed because the People failed to provide the notice required by CPL 710.30 (1) (b). Initially we note that the defendant waived the notice

requirement since he moved for suppression of this identification testimony during the trial, a hearing was held, and the motion was denied *(see, People v Bolling,* 142 AD2d 733; CPL 710.30 [3]). In any event, there was no identification within the purview of CPL 710.30 (1) (b) for which the People were required to give notice. The hearing court determined that the credible evidence established that the witnesses had not in fact identified the defendant from police photographs. Moreover, as the witnesses had seen the defendant in the area on numerous occasions for 10 years prior to the robbery, any identification would have been merely confirmatory *(see, People v Tas,* 51 NY2d 915; *People v Gissendanner,* 48 NY2d 543).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The complainant testified that he was awakened by noise in his apartment and saw the defendant descending the stairs carrying his television set. Balletta, J. P., Miller, O'Brien and Ritter, JJ., concur.