■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT JENKINS, Appellant.—Judgment, Supreme Court, New York County (Alfred Kleiman, J.), rendered June 12, 1989, convicting defendant after jury trial of grand larceny in the fourth degree, for which he was sentenced as a second felony offender to 2 to 4 years, unanimously affirmed.

Defendant was convicted of a chain snatching on a subway car. The victim pursued him, followed by a police officer, until defendant was apprehended by another police officer. A bystander on the train walked up to police and spontaneously identified defendant as the perpetrator. With respect to the bystander's identification, since this was not a police arranged identification procedure, the People were not required to provide notice pursuant to CPL 710.30 (1). *(People v Gissendanner,* 48 NY2d 543, 552; *see, People v Berkowitz,* 50 NY2d 333, 338, n 1; *People v Logan,* 25 NY2d 184, 193, *cert denied* 396 US 1020.)

Defendant's contention that the trial court impermissibly interfered with examination of witnesses is meritless. The trial court, on a very limited basis, only clarified certain questions, a permissible exercise of the court's responsibility *(cf., People v Yut Wai Tom,* 53 NY2d 44).

The court erroneously instructed the jury that defendant's identity "must be shown with sufficient certainty to preclude a reasonable possibility of mistake". However, the identification

charge as a whole conveyed the appropriate principles, and this single misstatement does not warrant reversal. Nor, in this direct evidence case, did the trial court's interjection of a moral certainty standard in its reasonable doubt instruction, warrant reversal. *(See, e.g., People v Jones,* 156 AD2d 718, *lv denied* 75 NY2d 920.)

We have considered the remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ross, Asch and Smith, JJ.