■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERIBERTO LOPEZ, Appellant.—Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered April 7, 1989, after a jury trial, convicting defendant of attempted robbery in the first degree, attempted robbery in the second degree, and assault in the second degree, and sentencing him to concurrent terms of imprisonment 4½ to 9 years, 3 to 6 years, and 3 to 6 years, respectively, unanimously affirmed.

Defendant was not entitled to a hearing on his motion to suppress identification testimony based upon the prosecutor's statement, in a voluntary disclosure form, that the People intended "to offer trial testimony regarding an observation of defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the indictment." The mere demand for a hearing by the defendant does not automatically trigger the right to a hearing *(People v Murray,* 172 AD2d 437, *lv granted* 78 NY2d 971). A hearing is required "only where there is a real issue of identification predicated upon *'police-arranged* confrontations between a defendant and an eyewitness, typically involving the use of lineups, showups or photographs, for the purpose of establishing the identity of the criminal actor' " *(Matter of Leo T.,* 87 AD2d 297, 299, quoting *People v Gissendanner,* 48 NY2d 543, 552 [emphasis supplied]). In this case, there was no issue as to defendant's identity. The trial court expressly preserved defendant's right to renew the motion to suppress any tainted identification testimony, even during the trial, in the event evidence were discovered that would justify a hearing. However, the evidence established that the eyewitness and victim of defendant's crimes flagged down the police and pointed

defendant out to them, and again identified defendant *before* he was placed in police custody. Such viewings of defendant both at the scene of the crime and directly after were not police-arranged custodial or postarrest viewings necessitating a hearing pursuant to CPL 710.30.

Although we agree with defendant that the prosecutor's comments implying that defendant tailored his testimony in light of the People's case, were improper, any prejudice was cured by the court's instruction to strike the yet unfinished statement from the record and was, in any event, harmless in light of the overwhelming evidence of defendant's guilt. Moreover, defense counsel's comments suggesting that defendant's version of the facts was believable because he admitted to so much of the evidence presented by the People, was similarly rectified by the court and thus, defendant was not deprived of a fair trial. Concur—Milonas, J. P., Wallach, Ross, Asch and Smith, JJ.