■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ULYSSES TRAMMEL, Appellant. [604 NYS2d 859] —Judgment unanimously affirmed. Memorandum: Defendant was charged with murder in the second degree. He requested that the jury be instructed on the defense of justification on the theory that he was justified in using deadly force to protect his friend from the use of deadly force. That request was properly denied. "[A] court need not charge justification if no reasonable view of the evidence establishes the elements of the defense *(People v Watts,* 57 NY2d 299; *People v Scarborough,* 49 NY2d 364, 373-374)" *(People v Reynoso,* 73 NY2d 816, 818). A reasonable belief in the need to use deadly force is a necessary element of the defense raised by defendant *(see,* Penal Law § 35.15 [2] [a]; *People v Goetz,* 68 NY2d 96). There was no evidence at trial establishing that defendant believed, reasonably or otherwise, that resort to deadly force was necessary.

The trial court properly permitted identification testimony by a witness not named in the People's CPL 710.30 notice. That witness had participated in viewing a photograph array but had been unable to make a positive identification *(see, People v Gholston,* 178 AD2d 546, *lv denied* 79 NY2d 947; *People v Burks,* 168 AD2d 456; *see also,* CPL 710.30 [1] [b]; *People v Monroig,* 111 AD2d 935, *lv denied* 66 NY2d 921).

We have examined defendant's other contention and find it to be without merit. (Appeal from Judgment of Monroe County Court, Bristol, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Balio, Boomer and Boehm, JJ.