■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT RIVERA, Appellant. [615 NYS2d 732] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Harbater, J.), rendered May 23, 1991, convicting him of robbery in the second degree (two counts), assault in the second degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On August 10, 1990, the complainant was walking with her mother on 56th Avenue in Queens when the defendant and another man grabbed her pocketbook. The defendant cut the strap of the bag with a knife and punched the complainant's mother in the face. The complainant screamed and an undercover Special Drug Enforcement Agent, who was sitting in a car parked nearby to investigate an unrelated matter, heard the scream and saw the defendant run by, holding the pocketbook. The Agent chased and apprehended the defendant on the corner of 56th Avenue and 92nd Street, about two blocks from the crime scene and within minutes of hearing the scream. The complainant and her mother walked to the corner and identified the defendant.

At arraignment, the defendant was served with a voluntary disclosure form which informed him that he was identified at the corner of 56th Avenue and 92nd Street between 11:48 and 11:50 A.M. on August 10, 1990. The notice also stated that the defendant grabbed a pocketbook from the complainant and that he punched her mother in the face and fled, identifying the complainant and her mother only by their initials. On the next page of the notice, the complainant's mother was identified by her full name.

The defendant claims for the first time on appeal that the People failed to serve him with proper notice pursuant to CPL 710.30 (1) (b), because the disclosure form neglected to state who identified the defendant and when the identification occurred. The defendant never specifically raised the issue of sufficiency of the notice in the trial court. Thus, this argument is unpreserved for appellate review *(see, People v Tutt,* 38 NY2d 1011, 1013). In any event, this argument is without merit. We further note that a spontaneous identification does not qualify as a police-arranged showup *(see, People v Duuvon,*

77 NY2d 541, 546; *People v Dawson,* 185 AD2d 854, 855), and, therefore, the People are not required to provide notice pursuant to CPL 710.30 *(see, People v Jenkins,* 176 AD2d 143; *People v Lopez,* 180 AD2d 486, 487).

The trial court's identification charge was adequate. At the trial, the defendant admitted being present during the struggle for the handbag, but claimed that he was trying to prevent it from being stolen. The court properly instructed the jury on weighing the witnesses' credibility, and stated that the identification must be proven beyond a reasonable doubt *(see, People v Whalen,* 59 NY2d 273, 279; *People v Smith,* 203 AD2d 396).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Lawrence, J. P., O'Brien, Copertino and Friedmann, JJ., concur.