■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PRITCHARD, Appellant. [617 NYS2d 47] —Appeal by the defendant from three judgments of the Supreme Court, Kings County (Feldman, J.), all rendered May 1, 1991, convicting him of robbery in the first degree under Indictment No. 5792/90, upon a jury verdict, robbery in the third degree under Indictment No. 8700/90, upon his plea of guilty, and criminal possession of stolen property in the third degree under Indictment No. 1406/90, upon his plea of guilty, and imposing sentences. The appeal under Indictment No. 5792/90 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are affirmed.

On the evening of May 11, 1990, the complainant was walking along Church Avenue in Brooklyn with her sister and two other women when the defendant came up from behind her, and snatched her earrings. When the complainant confronted the defendant and demanded the return of her earrings, the defendant pulled up his shirt to reveal the handle of a gun, and ordered the women to move away. The four women took a taxicab to a nearby subway station, where they gave a transit police officer a description of the perpetrator. When the officer escorted the women back to the scene of the robbery, they saw the defendant standing across the street, and all four pointed him out as the assailant.

On appeal, the defendant contends that the identification testimony of the complainant's three companions under Indictment No. 5792/90 should have been suppressed because the People failed to provide notice of their out-of-court identifications pursuant to CPL 710.30. We disagree. Contrary to the defendant's contention, the spontaneous identifications made by the witnesses to the robbery did not constitute a police-arranged showup, and the People were therefore not required to provide notice pursuant to CPL 710.30 *(see, People v Rivera,* 207 AD2d 420; *People v Rios,* 156 AD2d 397; *People v Jenkins,* 176 AD2d 143; *People v Burks,* 168 AD2d 456).

We further find that the sentence imposed upon the defen-

dant under Indictment No. 5792/90 was neither harsh nor excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Santucci, Joy and Krausman, JJ., concur.