■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JOHNSON, Also Known as KEVIN CRICHLOW, Appellant. [625 NYS2d 520] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered August 18, 1992, convicting defendant, after a jury trial, of criminal possession of stolen property in the fourth and fifth degrees, attempted petit larceny, criminal mischief in the fourth degree, and possession of burglar's tools (2 counts), and sentencing him as a predicate felon to a term of 2 to 4 years on the felony count, to run concurrently with lesser terms on the misdemeanor counts, unanimously affirmed.

We reject defendant's contention that an expired credit card is not a "credit card" within the meaning of General Business Law § 511 (1), and, accordingly, we find the proof was sufficient to establish that he was guilty of criminal possession of stolen property in the fourth degree (People v Winfield, 145 AD2d 449, lv denied 73 NY2d 1024). The court's instruction to the jury that a credit card that has expired is a credit card within the meaning of Penal Law § 165.45 (2) was an issue which involved the interpretation of a law and, hence, properly within the province of the court and not the jury (see, Bush v Delaware, Lackawanna & W. R. R. Co., 166 NY 210, 226). Whether the Visa card in evidence was a credit card was properly left to the jury to determine since the nature of the credit card, including its expiration date, was a factor which the jury could consider with respect to the elements of the crime. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.