■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RADZO RADONCIC, Appellant. [687 NYS2d 141] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered March 3, 1998, convicting defendant, after a jury trial, of two counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

With appropriate limiting instructions, the court properly admitted evidence of an uncharged crime wherein defendant had been involved in the use of a credit card stolen from a tenant in the building where he worked as a superintendent, as described in our prior decision (*People v Radoncic*, 239 AD2d 176, *lv denied* 90 NY2d 897). There was ample evidence of defendant's participation in the prior crime, and that crime was probative of defendant's knowledge and intent (*see, People v Molineux*, 168 NY 264, 293), "negative[d] the possibility of good faith or inadvertence" (*People v Ingram*, 71 NY2d 474, 479), and completed the narrative of the case, including the reason for defendant's arrest (*see, People v Montanez*, 41 NY2d 53, 58; *People v Hernandez*, 139 AD2d 472, 477, *lv denied* 72 NY2d 957). The People were not required to rest after merely presenting a prima facie case (*see, People v Alvino*, 71 NY2d 233, 245).

The trial court's *Sandoval* ruling was a proper exercise of discretion (*People v Walker*, 83 NY2d 455), since defendant's theft-related conviction was highly relevant to his credibility (*see, People v Post*, 235 AD2d 299, *lv denied* 90 NY2d 862).

Defendant's arguments regarding the People's summation are not preserved for appellate review and we decline to review them in the interest of justice. Were we to review these claims, we would find the challenged comments to be responsive to defense arguments (*see, People v Galloway*, 54 NY2d 396, 399).

The verdict was based on legally sufficient evidence and was

not against the weight of the evidence. Defendant's contention that a non-activated credit card is not a "credit card" within the meaning of General Business Law § 511 (1) was not preserved for appellate review (*People v Gray*, 86 NY2d 10, 19-20; *see also, People v Noble*, 86 NY2d 814), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (*see, People v Johnson*, 214 AD2d 478, *lv denied* 86 NY2d 736; *People v Winfield*, 145 AD2d 449, *lv denied* 73 NY2d 1024).

We have considered and rejected defendant's remaining claims. Concur—Rosenberger, J. P., Tom, Wallach and Mazzarelli, JJ.