■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME THOMPSON, Appellant. [731 NYS2d 711] —Judgment, Supreme Court, New York County (Laura Visitacion-Lewis, J.), rendered July 12, 2000, convicting defendant, after a jury trial, of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree and petit larceny, and sentencing him, as a second felony offender, to two concurrent terms of 2 to 4 years concurrent with a term of one year, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. It is undisputed that defendant stole a pocketbook from an undercover officer. Defendant contends that since the credit card contained in that pocketbook was a "decoy" American Express credit card, it was not a "credit card" under the definition contained in General Business Law § 511, which is incorporated into Penal Law § 155.00 (7).

American Express generated an account number and produced a credit card with a fictitious cardholder's name, and distributed that card to a representative of the New York City Police Department. The credit card was valid and had a $100 credit line. Thus, anyone who represented herself as the fictitious cardholder could use the card to make purchases.

The statute (§ 511 [1]) requires that a credit card be "issued by a person to another person which may be used to obtain a cash advance or a loan or credit or to purchase or lease property or services on the credit of the issuer or of the holder." A "'[p]erson' includes an individual * * * or any other legal or commercial entity." (§ 511 [2].)

Defendant contends that since the cardholder was fictitious, the card was not "issued * * * to another person" under the terms of the General Business Law. That statute does not define the term "issue." However, Merriam-Webster's Collegiate Dictionary (at 622 [10th ed 1995]) defines the word "issue" as, *inter alia*, "to put forth and distribute." Accordingly, we conclude that the decoy card was "put forth and distribute[d]," and thus "issued," to the New York City Police

Department. Furthermore, both the Department and the particular sergeant who received the card qualify as "persons" under the statute, notwithstanding that the name on the card was that of an imaginary person.

Defendant further contends that the statute was not satisfied because no credit relationship between American Express and the Police Department was intended. Although it was not contemplated by the parties that anyone in the Police Department would use the card to make purchases, nothing in the statute requires such an arrangement or understanding. The statute does require that the card be one that "may be used to obtain [cash, credit, etc.]" (§ 511 [1]), but it is clear that an impostor would have been capable of using the card up to a $100 limit. In any event, criminal liability with regard to credit cards can arise even with respect to non-activated, expired or canceled cards (*see, People v Radoncic*, 259 AD2d 428, 429, *lv denied* 93 NY2d 1005; *People v Winfield*, 145 AD2d 449, *lv denied* 73 NY2d 1024). Concur—Williams, J. P., Andrias, Wallach, Lerner and Marlow, JJ.