■ The People of the State of New York, Respondent, v James Appice, Appellant. [767 NYS2d 765]—

Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered November 29, 2001, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 2⅓ to 7 years and 1 year, respectively, unanimously affirmed.

The court properly denied defendant's motion to suppress physical evidence. The record supports the court's finding that the police had reasonable suspicion to justify stopping and frisking defendant. An informant, who reasonably appeared to be a concerned citizen, gave the police a detailed description of a man allegedly in possession of a gun in a nearby restaurant. All of the circumstances, taken together, warranted the inference that the informant had personally observed the gun, very shortly before. The police found defendant, who met the precise description provided by the informant, in the exact location indicated. Although the police did not ask the informant for his name and he remains unidentified, we find that *Florida v J.L.* (529 US 266 [2000]) is distinguishable, because the informant's

reliability was enhanced by all of the circumstances of the face-to-face encounter. Concur—Buckley, P.J., Rosenberger, Ellerin, Williams and Gonzalez, JJ.