■ In the Matter of JAHAD R., a Person Alleged to be a Juvenile Delinquent, Appellant. [783 NYS2d 578]—

Order of disposition, Family Court, Bronx County (Alma Cordova, J.), entered on or about November 22, 2002, which adjudicated respondent-appellant a juvenile delinquent, upon a finding that he committed an act that, if committed by an adult, would constitute the crime of criminal possession of a weapon in the fourth degree, and placed him on probation for a period of 24 months, unanimously reversed, on the law, without costs, and the petition dismissed.

Based solely on a radio-transmitted anonymous tip that four or five black males were trying to shoot a gun into a vacant lot, the police initially stopped and frisked respondent-appellant (J.R.) and his four cohorts, who were found standing alongside the vacant lot identified by the informant. Aside from the tip, the police had no indication that any of the young men was in possession of a gun. After the frisks failed to yield any weapons or contraband, the police detained the group at curbside while they searched the area for a gun. While the subjects were being detained, the police received a second radio transmission reporting that, as the police were arriving at the scene, the young men had been observed throwing the gun over the fence into the vacant lot. Shortly thereafter, the police retrieved a gun from the lot, and the young men were then placed under arrest and transported to the police station. While en route to the police station, and again while being questioned at the station, J.R. made statements to the effect that he had been in possession of the gun, which he claimed to have found two days before.

Based on his statements to the police, J.R., who was 14 years old at the time, was charged with having committed an act that, if committed by an adult, would constitute criminal possession of a weapon in the fourth degree. After denying J.R.'s motion to suppress his self-incriminating statements, Family Court, by order of disposition dated November 22, 2002, adjudicated him to be a juvenile delinquent.

We reverse the order of disposition and dismiss the petition. Insofar as the first anonymous, radio-transmitted tip asserted that criminal activity was underway or had just been perpetrated, it was uncorroborated by anything the police observed prior to their initial detention of J.R. Accordingly, under *Florida v J.L.* (529 US 266 [2000]) and *People v William II* (98 NY2d 93

[2002]), the tip did not provide reasonable suspicion to justify that detention (*cf. People v Appice*, 1 AD3d 244 [2003], *lv denied* 1 NY3d 594 [2004] [tip that unidentified informant provided to police in face-to-face encounter was sufficiently reliable, under all of the circumstances, to justify stop and frisk]). Because J.R.'s subsequent self-incriminating statements to the police, on which the delinquency adjudication is based, were made as the direct result of the initial unlawful detention, the motion to suppress those statements should have been granted (*see Dunaway v New York*, 442 US 200 [1979]). This conclusion is not changed by the second, corroborated tip that was received during J.R.'s detention, given the undeniable "close causal connection" (*id.* at 218) between the initial unlawful detention and J.R.'s incriminating postarrest statements. Concur—Nardelli, J.P., Mazzarelli, Friedman and Gonzalez, JJ.