■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER McCLOUD, Appellant. [855 NYS2d 113]—

Judgment, Supreme Court, New York County (Micki A. Scherer, J., at motion; Lewis Bart Stone, J., at suppression hearing, jury trial and sentence), rendered September 16, 2005, convicting defendant, of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's suppression motion. Defendant sought to suppress an officer's testimony as to defendant's true name on the ground that the officer elicited

this information, which was relevant evidence under the circumstances of the case, without providing *Miranda* warnings. Defendant's true name was admissible under the pedigree exception to the warnings requirement (*see Pennsylvania v Muniz*, 496 US 582, 601-602 [1990]; *People v Rodney*, 85 NY2d 289, 292-293 [1995]; *People v Velazquez*, 33 AD3d 352, 353 [2006], *lv denied* 7 NY3d 929 [2006]). Since asking for the true name of an arrestee is the quintessential routine booking question, without which it is impossible to process an arrest properly, it is irrelevant whether the answer is reasonably likely to be incriminating (*People v Alleyne*, 34 AD3d 367 [2006], *lv denied* 8 NY3d 918 [2007], *cert denied* 552 US —, 128 S Ct 192 [2007]). Furthermore, the court was not required to submit to the jury the issue of the voluntariness of defendant's statements as to his name. Since, as noted, *Miranda* warnings were not required, that was not a proper issue for the jury, and there was no other factual issue raised at trial concerning voluntariness (*see People v Cefaro*, 23 NY2d 283, 288-289 [1968]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence, viewed in light of the court's charge (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The trial testimony showed that defendant attempted to make a purchase with a stolen credit card (Penal Law § 165.45 [2]). It is immaterial whether the credit card either had expired or been cancelled or revoked when the defendant attempted to use it (*see e.g. People v Peterson*, 216 AD2d 10 [1995], *lv denied* 86 NY2d 800 [1995]; *People v Johnson*, 214 AD2d 478 [1995], *lv denied* 86 NY2d 733 [1995]). An expired or otherwise inactive credit card may be used to make a purchase on credit, within the meaning of General Business Law § 511 (1), if a merchant accepts it, albeit improvidently, thus extending credit to the purchaser. We have considered and rejected defendant's remaining arguments on this issue.

The motion court properly denied the *Mapp/Dunaway* portion of defendant's suppression motion, without granting a hearing. Although the court incorrectly denied a hearing on the basis of defendant's failure to allege standing (*see People v Burton*, 6 NY3d 584 [2006]), the court was correct in its additional ruling that defendant's motion papers were insufficient to raise a factual issue warranting a hearing. Defendant was on notice that the People were alleging he gave the credit card at issue to an officer acting in an undercover capacity, under circumstances presenting no Fourth Amendment issue whatsoever (*see Hoffa v United States*, 385 US 293 [1966]; *Lewis v United States*, 385 US 206 [1966]), and his allegations failed to set forth an alterna-

tive scenario or assert any basis for suppression (*cf. People v Kolon*, 37 AD3d 340, 341 [2007], *lv denied* 8 NY3d 947 [2007]).

The court properly denied defendant's application made pursuant to *Batson v Kentucky* (476 US 79 [1986]). Regardless of whether hybrid groups are cognizable under *Batson*, the People's peremptory challenge to the only African-American male panelist did not, by itself, raise an inference of discrimination (*see Johnson v California*, 545 US 162, 170 [2005]). While a prima facie showing of discrimination "may be made based on the peremptory challenge of a single juror that gives rise to an inference of discrimination" (*People v Smocum*, 99 NY2d 418, 422 [2003]), here there was no evidence that could raise such an inference, and defendant's assertion that the panelist appeared favorable to the prosecution is without merit. We reject defendant's argument that a challenge to the sole member of a cognizable class automatically creates a prima facie case of discrimination, without any supporting circumstances (*see People v Henderson*, 305 AD2d 940, 940-941 [2003], *lv denied* 100 NY2d 582 [2003]). Concur—Mazzarelli, J.P., Andrias, Gonzalez and Acosta, JJ.