■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL HICKS, Appellant. [913 NYS2d 237]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Grella, J.), rendered June 15, 2009, convicting him of burglary in the second degree (three counts), criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree, petit larceny, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of identification testimony and physical evidence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the Supreme Court erred in denying suppression of the showup identification made by the complainant near the scene of the crime. While showup procedures are generally disfavored, they are permissible where, as in this case, they are employed in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification (*see People v Duuvon*, 77 NY2d 541 [1991]; *People v Grassia*, 195 AD2d 607 [1993]). The fact that the defendant was in the company of the police did not render the showup constitutionally infirm (*see People v Grassia*, 195 AD2d at 607; *People v McLamb*, 140 AD2d 717 [1988]).

Moreover, the record supports the Supreme Court's determination that the police had reasonable suspicion to stop and detain the defendant based upon the description, broadcast to

police units, of the perpetrator of a burglary, which matched the defendant's description, his close proximity to the site of the crime, and the short passage of time between the crime and the showup (*see People v Mais*, 71 AD3d 1163 [2010]; *People v Green*, 10 AD3d 664 [2004]; *see also People v Blak*, 6 AD3d 301 [2004]; *People v Ferguson*, 5 AD3d 250 [2004]; *People v Bell*, 5 AD3d 804 [2004]; *People v Holland*, 4 AD3d 375 [2004]).

Additionally, the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion, on the eve of trial, for an adjournment to review *Rosario* material (*see People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]). Since there was timely disclosure of the material, the Supreme Court reasonably concluded that the defendant had ample time to review it, and that his motion was a dilatory tactic (*see generally People v Winslow*, 222 AD2d 722 [1995]).

The defendant's remaining contentions contained in points one and three of his brief are without merit. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.