THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL TIRIBIO, Appellant. [930 NYS2d 583]—

The court properly denied defendant's suppression motion. Defendant's principal argument is that the police action was a full scale arrest requiring probable cause, rather than an investigative detention only requiring reasonable suspicion. However, the officers' display of their weapons, use of force to bring defendant to the ground, and application of handcuffs were precautionary measures that were justified by the circumstances and did not elevate the detention to an arrest (*see People v Allen*, 73 NY2d 378, 379-380 [1989]; *People v Chestnut*, 51 NY2d 14, 21 [1980]). The police entered a confusing, rapidly unfolding situation and were reasonably concerned for their safety. The hearing record fully supports the court's finding that the police had been informed that the fleeing suspects were armed, as well as its finding that defendant and his accomplice did not comply with the officers' initial command that they not move. To the extent that defendant is also arguing that the police did not even have reasonable suspicion, that argument is without merit.

Defendant did not preserve his claim that the verdict was based on legally insufficient evidence, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Concur—Mazzarelli, J.P., Moskowitz, Acosta, Renwick and DeGrasse, JJ.