■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO COLON, Appellant. [942 NYS2d 542]—

Judgment, Supreme Court, New York County (Patricia M. Nunez, J., at hearing; A. Kirke Bartley, Jr., J., at jury trial and sentencing), rendered June 7, 2010, convicting defendant of two counts of criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of six years, unanimously affirmed.

The court properly denied defendant's suppression motion. The police acted on information that was far more reliable than an anonymous tip (*compare Florida v J.L.*, 529 US 266 [2000]).

A visibly frightened witness told the police that a man had just threatened him with a firearm, and the witness pointed to the location where this happened. As instructed by the police, the witness followed the police car in his own vehicle. At the location, the witness pointed at defendant and exclaimed, excitedly, that defendant was the man who had threatened him.

This provided, at least, reasonable suspicion for a stop and frisk. Although the witness ultimately drove away without giving his name, the reliability of his statement was enhanced by many factors. This was a face-to-face encounter, permitting the officers to observe the witness's demeanor (*see e.g. People v Appice*, 1 AD3d 244 [2003], *lv denied* 1 NY3d 594 [2004]). The witness expressly stated the basis of his knowledge, which was that he had personally been threatened. Finally, the witness's statements were excited utterances, another factor enhancing their reliability (*see People v Govantes*, 297 AD2d 551, 552 [2002], *lv denied* 99 NY2d 558 [2002]).

Moreover, at the time the police stopped defendant, it was reasonable for them to expect that the witness would remain at the scene and ultimately become a complainant. They did not find out until later that the witness had departed. It was only the urgency of the situation that prevented the police from obtaining the witness's name and contact information (*see People v Harris*, 175 AD2d 713, 715 [1991], *lv denied* 79 NY2d 827 [1991]).

Even assuming the police had only reasonable suspicion to justify a forcible detention, but not probable cause to arrest, they did not arrest defendant until after he resisted a frisk and a pistol fell to the ground in the course of the struggle. We have

considered and rejected defendant's remaining arguments. Concur—Mazzarelli, J.P., Acosta, Renwick and Richter, JJ.