■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CENEL CASTELLY, Appellant. [955 NYS2d 127]—Appeal by the defendant from a judgment of the Supreme Court, Rockland County (Kelly, J.), rendered September 15, 2010, convicting him of grand larceny in the fourth degree (three counts), criminal possession of stolen property in the fourth degree (three counts), and petit larceny, after a nonjury trial, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Edward Cigna for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Arlene Lewis, Esq., P.O. Box 219, Blauvelt, N.Y., 10913, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this Court, the defendant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including the certified transcript of the proceedings) and on the briefs of the parties,

who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether legally sufficient evidence existed upon which to convict the defendant of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree with respect to a credit card that was recovered by the police from the codefendants's back pocket (*see People v Julien,* 100 AD3d 925 [2012] [decided herewith]). Accordingly, assignment of new counsel is warranted (*see People v Stokes,* 95 NY2d 633, 638 [2001]). Mastro, J.P., Rivera, Chambers and Lott, JJ., concur.