Appeal by the defendant from a judgment of the Supreme Court, Rockland County (Kelly, J.), rendered September 15, 2010, convicting him of grand larceny in the fourth degree (three counts), criminal possession of stolen property in the fourth degree (three counts), and petit larceny, after a nonjury trial, and imposing sentence. The appeal brings up for review so much of an order of the same court dated June 17, 2010, as, after a hearing, denied those branches of the defendant’s omnibus motion which were to suppress certain identification testimony and physical evidence.
Ordered that the judgment is modified, on the law, by vacating the convictions of grand larceny in the fourth degree and *926 criminal possession of stolen property in the fourth degree under counts three and six of the indictment, respectively, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed, that branch of the defendant’s omnibus motion which was to suppress physical evidence is granted, and the order dated June 17, 2010, is modified accordingly.
The defendant’s challenge to the admissibility of photocopies of certain physical evidence, namely, two credit cards and a debit card, on the basis that the People failed to establish that the cards at issue were valid, is unpreserved for appellate review (see CPL 470.05 [2]; People v Estevez, 95 AD3d 1232, 1233 [2012], lv denied 19 NY3d 996 [2012]). In any event, it was not necessary for the People to prove that the cards were valid, since “criminal liability with regard to credit cards can arise even with respect to non-activated, expired or canceled cards” (People v Thompson, 287 AD2d 399, 400 [2001], affd 99 NY2d 38 [2002]; see People v Winfield, 145 AD2d 449, 450 [1988]; see also People v McCloud, 50 AD3d 379, 380 [2008]; People v Radoncic, 259 AD2d 428, 429 [1999]). Moreover, the court, as the factfinder, “was entitled to rely on the victim’s unchallenged testimony that the item was her credit card,” where “[a] sufficiently specific motion might [have] provid[ed] the opportunity for cure” (People v McMillan, 90 AD3d 499, 499 [2011], quoting People v Gray, 86 NY2d 10, 20 [1995]).
The defendant’s claim that the People failed to show that the victim had a right of possession to a Macy’s credit card issued to her mother that was superior to that of the defendant is also unpreserved for appellate review (see People v Stewart, 71 AD3d 797, 798 [2010]), and, in any event, is without merit, since the victim’s testimony that she was listed as an authorized user of her mother’s Macy’s credit card was undisputed, and the card was in the victim’s possession before it was stolen from her by the defendant (see People v Wilson, 93 NY2d 222, 225-226 [1999]; People v Hutchinson, 56 NY2d 868, 869 [1982]; People v Marshall, 293 AD2d 629 [2002]).
We reject the defendant’s contention that the Supreme Court erred in denying suppression of the showup identification made by the victim near the scene of the crime. Although showup identification procedures are generally disfavored, they are permissible where, as here, they are carried out in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification (see People v Duuvon, 77 NY2d 541, 543 [1991]; People v Hicks, 78 AD3d 1075 [2010]; People v Grassia, 195 AD2d 607 [1993]). The *927 fact that the victim was in the company of a friend at the time the victim identified the defendant did not render the showup constitutionally infirm (see People v Pritchard, 208 AD2d 568 [1994]; People v Bond, 156 AD2d 573 [1989]).
However, we agree with the defendant that the Supreme Court erred in denying that branch of his pretrial motion which was to suppress a Capital One Platinum Visa credit card recovered by the police from a back pocket of his pants during a pre-arrest search. The search, apparently based on the observation of a bulge in a back pocket of the defendant’s tight-fitting pants, cannot be upheld as justifiably premised on probable cause, since the defendant had not been placed under arrest prior to the search (cf. United States v Robinson, 414 US 218, 236 [1973]; People v Anderson, 91 AD3d 789, 790 [2012]). In addition, the People did not adduce evidence sufficient to establish that the officer who conducted the search reasonably feared for his safety as a justification for the search, particularly since “a pocket bulge . . . could be caused by any number of innocuous objects” (People v De Bour, 40 NY2d 210, 221 [1976]; see People v Shuler, 98 AD3d 695, 696-697 [2012]; People v Stevenson, 7 AD3d 820, 821 [2004]). Moreover, despite the People’s contention to the contrary, the card was not admissible pursuant to the inevitable discovery exception to the exclusionary rule, since the card constituted primary, rather than secondary, evidence (see People v Stith, 69 NY2d 313, 318-319 [1987]; People v Mais, 71 AD3d 1163, 1164-1165 [2010]; People v Lindsey, 13 AD3d 651, 652 [2004]). Accordingly, the defendant’s convictions of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, premised upon the subject card, under counts three and six of the indictment, and the sentences imposed thereon, must be vacated, and those counts of the indictment dismissed.
The defendant’s remaining contentions are without merit. Mastro, J.P, Rivera, Chambers and Lott, JJ., concur.