■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE LETRIZ, Appellant. [962 NYS2d 1]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered April 29, 2010, convicting defendant, after a jury trial, of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.

The court properly denied defendant's suppression motion. The police acted on information provided by an informant during a face-to-face encounter, which permitted the officers to observe the informant's agitated demeanor (*see People v Colon*, 95 AD3d 420 [1st Dept 2012], *lv denied* 19 NY3d 1025 [2012], citing *People v Appice*, 1 AD3d 244 [1st Dept 2003], *lv denied* 1 NY3d 594 [2004]). In a subway station, the informant told the police a man had just tampered with a MetroCard vending machine. The informant pointed to the machine, followed the police outside the station, and pointed out defendant. However, the informant left the scene without identifying himself. The circumstances of the interaction warranted the inference that the informant had personally observed defendant engaging in criminal mischief, thereby enhancing the statement's reliability (*see People v Wallace*, 89 AD3d 559, 560 [1st Dept 2011], *lv dismissed* 18 NY3d 963 [2012]).

This information provided the officers with reasonable suspicion that justified stopping defendant. Furthermore, the limitation on defendant's freedom of movement was minimal. The officers simply informed defendant of the accusation and requested or directed him to follow them back into the subway station. Even assuming this to be a seizure (*but see People v Francois*, 61 AD3d 524, 525 [1st Dept 2009], *affd* 14 NY3d 732 [2010]), it was justified by the information available to the police, regardless of whether the same information might have justified a more intrusive action, such as a gunpoint seizure or an immediate frisk.

The police observed that the MetroCard machine had been disabled by jamming something into it, which corroborated the informant's accusation. The police now had probable cause to arrest defendant for criminal mischief. Although defendant asserts that there were innocent explanations for the condition of the machine, probable cause does not require proof beyond a reasonable doubt (*see generally People v Bigelow*, 66 NY2d 417, 423 [1985]). Accordingly, the police conducted a lawful search incident to the arrest, which produced a credit card not belonging to defendant.

The verdict was supported by legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence established that the credit card at issue was not issued to defendant, and he was not authorized to possess or use it. There is no basis for disturbing the jury's finding that defendant knowingly possessed stolen or lost property without taking reasonable measures to return it to the owner. This finding was supported by the evidence that approximately one hour before the credit card was found in defendant's possession, someone had twice attempted to use the credit card at a MetroCard vending machine at the same station.

The card qualified as a credit card even though it was not fully activated, because "criminal liability with regard to credit cards can arise even with respect to non-activated, expired or canceled cards" (*People v Thompson*, 287 AD2d 399, 400 [1st Dept 2001], *affd* 99 NY2d 38 [2002]; *see also People v McCloud*, 50 AD3d 379, 380 [1st Dept 2008], *lv denied* 11 NY3d 738 [2008]; *People v Radoncic*, 259 AD2d 428, 429 [1st Dept 1999], *lv denied* 93 NY2d 1005 [1999]). We have considered and rejected defendant's arguments to the contrary. Concur—Mazzarelli, J.P., Acosta, Saxe, Renwick and Clark, JJ.