Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered October 7, 2010, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Paynter, J.), of that branch of the defendant’s omnibus motion which was to suppress identification testimony.
Ordered that the judgment is affirmed.
Contrary to the People’s contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257 [2011]). The defendant’s purported waiver of the right to appeal is unenforceable, as the record does not indicate that he had “ £a full appreciation of the consequences’ ” of such waiver (id. at 264, quoting People v Seaberg, 74 NY2d 1, 11 [1989]). While the defendant signed a written waiver, a written waiver “is not a complete substitute for an on-the-record explanation of the nature of the right to appeal, and some acknowledgment that the defendant is voluntarily giving up *1057 that right” (People v Bradshaw, 76 AD3d 566, 569 [2010], affd 18 NY3d 257 [2011] [emphasis added]; see People v Pelaez, 100 AD3d 803, 804 [2012]). Accordingly, in the absence of a knowing, voluntary, and intelligent waiver of the right to appeal, the defendant retained his right to challenge the denial of that branch of his omnibus motion which was to suppress identification testimony (see CPL 710.20 [2]; People v Jacob, 94 AD3d 1142, 1144 [2012]; People v Bradshaw, 76 AD3d at 570).
Nevertheless, the hearing court properly denied that branch of the defendant’s omnibus motion which was to suppress identification testimony. The record supports the hearing court’s determination that, under the circumstances of this case, the police had reasonable suspicion to stop and detain the defendant (see People v Hicks, 78 AD3d 1075, 1075-1076 [2010]; People v Mais, 71 AD3d 1163 [2010]; see also People v Williams, 73 AD3d 1097, 1099 [2010]). Contrary to the defendant’s contention, the police were justified in displaying a firearm and using handcuffs to detain him since, as they approached him, they reasonably believed that they were faced with a rapidly developing and dangerous situation presenting an imminent threat to their well-being (see People v Allen, 73 NY2d 378, 380 [1989]). Moreover, under the circumstances of this case, the employment of those precautionary measures did not transform the detention of the defendant into a full-blown arrest (see People v Allen, 73 NY2d at 380; People v Tiribio, 88 AD3d 534, 535 [2011]; People v Worthy, 308 AD2d 555 [2003]). Accordingly, contrary to the defendant’s contention, there was no need for the police to establish probable cause prior to detaining him, and the alleged lack of probable cause did not taint or render invalid a subsequent showup identification of the defendant.
Dillon, J.P, Angiolillo, Leventhal and Miller, JJ., concur.