■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CENEL CASTELLY, Appellant. [969 NYS2d 170]—

Appeal by the defendant from a judgment of the Supreme Court, Rockland County (Kelly, J.), rendered September 15, 2010, convicting him of grand larceny in the fourth degree (three counts), criminal possession of stolen property in the fourth degree (three counts), and petit larceny, after a nonjury trial, and imposing sentence. The appeal brings up for review so much of an order of the same court dated June 17, 2010, as, after a hearing, denied those branches of the defendant's omnibus motion which was to suppress his statements to law enforcement officials and certain evidence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the convictions of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree under counts three and six of the indictment, respectively, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, and the order dated June 17, 2010, is modified accordingly.

The defendant and his codefendant were jointly tried for offenses arising from the theft of a pocketbook from a bar. The defendant and the codefendant were charged, inter alia, "acting individually and in concert," with having committed grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, with respect to a certain Capital One Platinum Visa credit card, under counts three and six of the indictment, respectively. This Court previously determined, on the appeal of the codefendant (*see People v Julien*, 100 AD3d 925 [2012]), that the Supreme Court erred in denying that branch of the codefendant's pretrial motion which was to suppress the Capital One Platinum Visa credit card, recovered by the police from the codefendant's back pants pocket during a pre-arrest search (*see id.* at 927). Since this credit card was not suppressed at the trial, it was improperly before the factfinder to the prejudice of the defendant, who was convicted, after a nonjury trial, inter alia, under the third and sixth counts of the indictment. Consequently, in the interest of justice, we vacate the convictions of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree under the third and sixth counts of the indictment, respectively, vacate the sentences imposed thereon, and dismiss those counts of the indictment (*see People v Anderson*, 16 NY2d 282, 288 [1965]; *People v Cruz*, 96 AD3d 872 [2012]).

Contrary to the defendant's contentions, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The record supports the hearing court's finding that the defendant understood the import of the *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]) he received before making a statement to the police (*see People v Jin Cheng Lin*, 105 AD3d 761, 762 [2013]; *People v Madrid*, 52 AD3d 530, 531 [2008]; *People v Zadorozhnyi*, 267 AD2d 263, 264 [1999]; *People v Alexandre*, 215 AD2d 488 [1995]).

Moreover, as this Court previously concluded on the appeal of the codefendant (*see People v Julien*, 100 AD3d at 927), the Supreme Court properly admitted testimony regarding the showup identification made by the victim near the scene of the crime (*see People v Duuvon*, 77 NY2d 541, 543 [1991]; *People v Hicks*, 78 AD3d 1075 [2010]; *People v Grassia*, 195 AD2d 607 [1993]). Eng, P.J., Rivera, Hall and Lott, JJ., concur.