Motion by the appellant for leave to reargue an appeal from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered October 7, 2010, which was determined by a decision and order of this Court dated April 24, 2013.
Upon the papers filed in support of the motion, and no papers having been filed by the respondent in opposition or in relation thereto, it is,
Ordered that the motion is granted and, upon reargument, the decision and order of this Court dated April 24, 2013 (People v Crawford, 105 AD3d 1056 [2013]) is recalled and vacated, and the following decision and order is substituted therefor:
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered October 7, 2010, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Paynter, J.), of that branch of the defendant’s omnibus motion which was to suppress identification testimony.
Ordered that the judgment is affirmed.
Contrary to the People’s contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257 [2011]). The defendant’s purported waiver of the right to appeal is unenforceable, as the record does not indicate that he had “ ‘a full appreciation of the consequences’ ” of such waiver (id. at 264, quoting People v Seaberg, 74 NY2d 1, 11 [1989]). While the defendant signed a written waiver, a written waiver “is not a complete substitute for an on-the-record explanation of the nature of the right to appeal, and some acknowledgment that the defendant is voluntarily giving up that right” (People v Bradshaw, 76 AD3d 566, 569 [2010], affd 18 NY3d 257 [2011] [emphasis added]; see People v Pelaez, 100 AD3d 803, 804 [2012]). Accordingly, in the absence of a knowing, voluntary, and intelligent waiver of the right to appeal, the defendant retained his right to challenge the denial of that branch of his omnibus motion which was to suppress identification testimony (see CPL 710.20 [2]; People v Jacob, 94 AD3d 1142, 1144 [2012]; People v Bradshaw, 76 AD3d at 570).
*917 Nevertheless, the hearing court properly denied that branch of the defendant’s omnibus motion which was to suppress identification testimony. The record supports the hearing court’s determination that, under the circumstances of this case, the police had reasonable suspicion to stop and detain the defendant (see People v Hicks, 78 AD3d 1075, 1075-1076 [2010]; People v Mais, 71 AD3d 1163 [2010]). The requirement of reasonable suspicion is satisfied where an officer has “that quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand” (People v Woods, 98 NY2d 627, 628 [2002] [internal quotation marks omitted]).
Here, the police were justified in displaying a firearm and using handcuffs to detain the defendant since, as they approached him, they reasonably believed that they were faced with a rapidly developing and dangerous situation presenting an imminent threat to their well-being (see People v Allen, 73 NY2d 378, 380 [1989]; People v Tiribio, 88 AD3d 534, 535 [2011]; People v Worthy, 308 AD2d 555 [2003]; cf. People v Watkins, 228 AD2d 163 [1996]). Although the testimony adduced at the hearing indicates that the police also searched the defendant for weapons and contraband, under the circumstances of this case, the employment of those precautionary measures did not transform the detention of the defendant into a full-blown arrest and, therefore, there was no need for the police to establish probable cause prior to detaining the defendant (see People v Allen, 73 NY2d at 380). Assuming that the defendant was illegally searched without probable cause, as he contends, he would be entitled to suppression of any physical evidence recovered as the fruit of an illegal arrest (see generally People v Julien, 100 AD3d 925 [2012]). The police, however, did not recover any physical evidence from the allegedly illegal search, and the search did not taint the subsequent showup identification of the defendant, which was supported by the requisite reasonable suspicion, and occurred within permissibly close temporal and geographic proximity to the crime (see People v Gilford, 16 NY3d 864, 868 [2011]; People v Duuvon, 77 NY2d 541 [1991]). Accordingly, the allegedly illegal search is not a basis for suppression of the identification testimony. Dillon, J.P., Angiolillo, Leventhal and Miller, JJ., concur.