■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCELLUS MCMURRAY, Appellant. [39 NYS3d 29]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered February 11, 2015, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and attempted assault in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's application made pursuant to *Batson v Kentucky* (476 US 79 [1986]). The court correctly determined that defendant did not establish a prima facie case of discrimination against black men, a cognizable group under *Batson*. Defendant's claim was based on the prosecutor's peremptory challenge to the first African-American male panelist, and defendant presented neither numerical nor nonnumerical evidence to raise an inference of intentional discrimination (*see People v Sweeper*, 71 AD3d 439, 440 [1st Dept 2010], *affd* 15 NY3d 925 [2010]; *People v McCloud*, 50 AD3d 379, 381 [1st Dept 2008], *lv denied* 11 NY3d 738 [2008]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The weapon possession conviction was supported by evidence from which the jury, which had the opportunity to examine the cane at issue, could have reasonably concluded that it constituted a dangerous instrument (*see People v Carter*, 53 NY2d 113 [1981]) because the

manner in which defendant struck the victim rendered the cane readily capable of causing serious physical injury, including serious potential harm to body parts such as the head that were not actually struck. The attempted second-degree assault conviction was supported by evidence warranting the inference that defendant at least intended to cause ordinary physical injury, and came dangerously close to doing so.

Defendant's claim of ineffective assistance based on counsel's failure to request a lesser included offense charge is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see *People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of this ineffectiveness claim may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see *People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant's remaining ineffective assistance claim, based on counsel's failure to object to a comment made by the prosecutor on summation, is unavailing because we do not find that comment improper, when viewed in context.

The court provided a meaningful response to a jury note. The jury specifically asked for the elements of the crime, and the court had no obligation to go beyond that specific request (see *People v Almodovar*, 62 NY2d 126, 132 [1984]). Although the court informed the jury that it could send another note if the court did not adequately answer its question, the jury did not do so. Concur—Friedman, J.P., Andrias, Saxe, Feinman and Kahn, JJ.