■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY MARTIN, Appellant. [48 NYS3d 54]—

Judgment, Supreme Court, New York County (Melissa C. Jackson, J., at *Darden* hearing; Richard D. Carruthers, J., at pretrial proceedings, jury trial and sentencing), rendered November 10, 2014, convicting defendant of criminal possession of a controlled substance in the third and fifth degrees and two counts of criminally using drug paraphernalia in the second degree, and sentencing him, as a second felony drug offender, to an aggregate term of two years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. There was ample evidence to connect defendant with the contraband found.

When defendant requested unspecified "paperwork" concerning an unrelated search warrant executed by the same team of officers on the day they executed the warrant that led to defendant's arrest, this request was insufficient to alert the court to defendant's present claim that he was entitled to these documents as *Rosario* material (*People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]). We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we reject it on the merits. Assuming that the undisclosed materials included any statements by a witness who testified at defendant's trial, there is nothing to indicate that these statements concerning the other search warrant would have "relate[d] to the subject matter of the witness's testimony" (CPL 240.45 [1] [a]; *People v Mack*, 100 AD3d 460 [1st Dept 2012], *lv denied* 20 NY3d 1012 [2013]).

Neither *Miranda* warnings nor CPL 710.30 (1) (a) notice was required with respect to defendant's statement, in response to a detective's pedigree question, that his residence was the apartment where the police had executed a search warrant and discovered contraband. The detective's routine administrative questioning was not designed to elicit an incriminating response (*see Pennsylvania v Muniz*, 496 US 582, 601-602 [1990]; *People v Rodney*, 85 NY2d 289, 292-294 [1995]; *People v Watts*, 309 AD2d 628 [1st Dept 2003], *lv denied* 1 NY3d 582 [2003]), even if the answer was reasonably likely to be incriminating (*see People v Alleyne*, 34 AD3d 367 [2006], *lv denied* 8 NY3d 918 [2007], *cert denied* 552 US 878 [2007]).

The court did not delegate control of a portion of jury selec-

tion to a court officer, and there was no mode of proceedings error. When the officer reported to the court and parties that a prospective juror was pacing in the hallway and making rambling, belligerent remarks, the court, without objection, directed that the panelist be excused. The officer did not perform any judicial function, but "simply supplied information upon which the court made its own determination" (*People v Singletary*, 66 AD3d 564, 566 [1st Dept 2009], *lv denied* 13 NY3d 941 [2010]) that the panelist was unqualified to serve, and the circumstances did not require a direct colloquy between the panelist and the court.

Based on our review of the minutes of the hearing conducted pursuant to *People v Darden* (34 NY2d 177 [1974]), we find that there was probable cause for the issuance of the search warrant. Concur—Acosta, J.P., Renwick, Moskowitz, Feinman and Gesmer, JJ.