People v Gray (2019 NY Slip Op 01323)





People v Gray


2019 NY Slip Op 01323


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Kern, JJ.


8475 4183/14

[*1]The People of the State of New York, Respondent,
v
Ernest Gray, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Megan DeMarco of counsel), for respondent.



Judgment, Supreme Court, New York County (Neil E. Ross, J. at suppression hearing; Daniel P. FitzGerald, J. at jury trial and sentencing), rendered March 15, 2016, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of 11 years, unanimously affirmed.
The court properly denied defendant's suppression motion. The police responded to a woman's report that defendant was trespassing in her one-bedroom apartment. The police woke defendant up and arrested him in the apartment's bedroom. Because defendant was nude and the police could not tell what articles of clothing belonged to him, an officer asked him where his clothes were. When defendant pointed to a shirt and shorts, the police recovered evidence from the shorts, and then assisted defendant in dressing himself in these clothes. When the officer asked defendant where his clothes were, this question was "reasonably related to the police's administrative concerns" (Pennsylvania v Muniz, 496 US 582, 601-02 [1990]), because it would have been "impossible to process [the] arrest properly" (People v McCloud, 50 AD3d 379, 380 [1st Dept 2008], lv denied 11 NY3d 738 [2008]) without dressing defendant. "[E]ven if the answer was reasonably likely to be incriminating" (People v Martin, 147 AD3d 587, 588 [1st Dept], lv granted 30 NY3d 951 [2017]) in light of the woman's statement to the police that defendant had heroin in his shorts, the pedigree exception applies because the officer's intent was to address an administrative need rather than "to elicit an incriminating response" (People v Wortham, 160 AD3d 431, 431 [1st Dept], lv denied 31 NY3d 1123 [2018]).
Because defendant objected to the court's jury charge on a different ground from the one raised on appeal, his present claim is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the language employed in the charge was a provident exercise of discretion, and that any error was harmless (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters not explained by the record (see People v Rivera, 71 NY2d 705, 709 [1988]). Defendant's sole claim of error by his counsel pertains to a ruling the court made in an off-the-record conference, and the unexpanded record prevents this Court from considering any [*2]alternative rulings counsel might have sought in that conference. Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK