People v Pope (2021 NY Slip Op 02877)





People v Pope


2021 NY Slip Op 02877


Decided on May 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 06, 2021

Before: Renwick, J.P., Kapnick, Singh, Kennedy, JJ. 


Ind No. 5315/16 Appeal No. 13771 Case No. 2019-4112 

[*1]The People of the State of New York, Respondent,
v
Deshaun Pope, Defendant-Appellant. 


Robert S. Dean, Center for Appellate Litigation, New York (Bryan Furst of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Nathan Shi of counsel), for respondent.



Judgment, Supreme Court, New York County (Felicia A. Mennin, J.), rendered May 8, 2018, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a term of 3½ years, unanimously affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). The gunfire-detecting technology ShotSpotter reported that numerous shots had been fired at a particular location. Officers who quickly responded were flagged down by an MTA employee, who, in a face-to-face encounter, described a person involved in the shooting and pointed to the direction where the suspect had fled. The circumstances warranted an inference that the informant had personally observed defendant with a firearm (see e.g. People v Letriz, 103 AD3d 446 [1st Dept 2013], lv denied 23 NY3d 1006 [2013]; People v Appice, 1 AD3d 244 [1st Dept 2003], lv denied 1 NY3d 594 [2004]). The ShotSpotter report provided corroboration of the presence of criminality, as well as demonstrating the urgency of the situation and the risk to the officers' safety. Accordingly, the police had reasonable suspicion to stop and frisk defendant, who matched the description. The police had much more information than the uncorroborated anonymous phone call discussed in Florida v J.L. (529 US 266 [2000]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2021